1  Dana N. Gwaltney (SBN 209530)
   dgwaltney@shb.com
2  Sara J. Romano (SBN 227467)
   sromano@shb.com
3  Mia O. Solvesson (SBN 246291)
   msolvesson@shb.com
4  SHOOK, HARDY & BACON L.L.P.
   333 Bush Street, Suite 600
5  San Francisco, California 94104-2828
   Telephone:   415.544.1900
6  Facsimile:   415.391.0281

7  Attorneys for Defendants
   GUIDANT CORPORATION, GUIDANT SALES
8  CORPORATION, CARDIAC PACEMAKERS, INC., and
   BOSTON SCIENTIFIC CORPORATION

9
                    UNITED STATES DISTRICT COURT
10
                    NORTHERN DISTRICT OF CALIFORNIA
11

12

| | |
|---|---|
| SETA SAAD and CHRISTIAN E. SAAD, individually and as representatives of the Estate of RAYMOND SAAD,<br><br>Plaintiffs,<br><br>vs.<br><br>GUIDANT CORPORATION; GUIDANT SALES CORPORATION; CARDIAC PACEMAKERS, INC.; BOSTON SCIENTIFIC CORPORATION; ASHLEY & MCMULLEN-WING SUN MORTUARY, a business entity form unknown; ASHLEY & MCMULLEN, a business entity form unknown; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. C 08-0053-MEJ<br><br>NOTICE OF MOTION AND MOTION TO STAY PENDING TRANSFER TO MDL COURT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br>Date:  February 21, 2008<br>Time:  10:00 a.m.<br>Ctrm:  B, 15th Floor<br>Judge: Magistrate Judge Maria-Elena James<br><br>Complaint filed: October 29, 2007 |

1

NOTICE OF MOTION AND MOTION TO STAY
CASE NO. C 08-0053-MEJ

134090v1

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 21, 2008 at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Judge Maria-Elena James, United States Magistrate Judge, in Courtroom B, 15th Floor, Defendants Guidant Corporation, Guidant Sales Corporation, Cardiac Pacemakers, Inc., and Boston Scientific Corporation (collectively "Guidant") will and hereby do move for an order that the above-entitled action be stayed pending transfer to the MDL Court in the District of Minnesota that will be managing the multidistrict litigation entitled *In Re Guidant Corp. Implantable Defibrillators Products Liability Litigation*, MDL-1708.

This motion is made on the ground that in the short intervening time between now and the transfer of the case to the MDL Court, the time and resources of the parties and this Court should not be expended in preparing answers or other responses to the Complaint and participating in pretrial proceedings. This motion is based on this notice of motion and motion, the memorandum of points and authorities that follows, the declaration of Mia O. Solvesson filed concurrently herewith, all pleadings and records on file in this action, and any other arguments and evidence presented to this Court at or before the hearing on this motion.

DATED: January 10, 2008                            Respectfully submitted,

                                                    SHOOK, HARDY & BACON L.L.P.


                                                    By:   /S/ Mia O. Solvesson
                                                          DANA N. GWALTNEY
                                                          SARA J. ROMANO
                                                          MIA O. SOLVESSON

                                                    Attorneys for Defendants
                                                    GUIDANT CORPORATION, GUIDANT
                                                    SALES CORPORATION, CARDIAC
                                                    PACEMAKERS, INC. and BOSTON
                                                    SCIENTIFIC CORPORATION

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Guidant Corporation, Guidant Sales Corporation, Cardiac Pacemakers, Inc., and Boston Scientific Corporation (collectively "Guidant") respectfully request that the Court stay all pretrial proceedings and deadlines—including any deadlines to answer or otherwise respond to the Complaint and to respond to any motion to remand that Plaintiffs may file—and allow for such proceedings and deadlines to be re-set by the MDL transferee district court in the District of Minnesota ("MDL Court") that manages the multidistrict litigation entitled *In Re Guidant Corp. Implantable Defibrillators Products Liability Litigation*, MDL-1708.

This case is one of more than 2,000 cases currently pending against Guidant in federal courts around the country. On November 7, 2005, pursuant to 28 U.S.C. §1407, the Judicial Panel on Multidistrict Litigation ("JPML") entered a Transfer Order establishing an MDL and consolidating and transferring a number of cases to the MDL Court.[1] There are more than 2,020 cases currently pending in the MDL. On January 8, 2008, Guidant identified this case as a tag-along action to be transferred to the MDL Court.[2] Guidant expects that this case will be transferred to MDL Court in the near future.[3] At that time, the JPML and MDL can and will address jurisdictional issues and are in the best position to assure that consistent rulings are applied to the multitude of cases in the Guidant litigation.

In the short intervening time between now and the transfer of this case to the MDL Court, the time and resources of the parties and this Court should not be expended in answering or otherwise responding to the Complaint, responding to any motion to remand, or participating in pretrial proceedings. As most courts have recognized, "it is often appropriate to stay preliminary

---

[1] Declaration of Mia O. Solvesson In Support of Defendants' Motion to Stay Pending Transfer To MDL Court, ¶ 2, attached as Exhibit A.

[2] Solvesson Decl. at ¶ 3, attached as Exhibit B.

[3] Prior to filing this motion, counsel for Guidant contacted counsel for Plaintiffs to propose that the parties enter into a stipulation to stay this action pending transfer to the MDL Court. Plaintiffs' counsel, however, would not agree to stipulate to a stay of deadlines. Solvesson Decl. at ¶ 4.

3

NOTICE OF MOTION AND MOTION TO STAY
CASE NO. C 08-0053-MEJ

134090v1

pretrial proceedings while a motion to transfer and consolidate is pending with the MDL panel because of the judicial resources that are conserved." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997). This power to stay its proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* at 1360. Such stays are particularly valuable in promoting the purposes of coordinated multidistrict litigation, which is designed to promote judicial efficiency and consistency. *See Kocol v. Guidant Corp. et al.*, C 06-6537 JF (RS) (N.D. Cal. Dec. 22, 2006) (order granting defendants' motion for stay of litigation pending transfer by the MDL Panel); *In re California Retail Natural Gas & Elec. Antitrust Litig.*, 150 F. Supp. 2d 1383, 1384 (J.P.M.L. 2001); *accord In re Eastern Airlines, Inc. Flight Attendant Weight Program Litig.*, 391 F. Supp. 763, 764 (J.P.M.L. 1975) (purpose and function of MDL is to ensure efficient use of judicial resources and prevent duplicative discovery and inconsistent rulings); Manual for Complex Litigation, Federal Judicial Center, (3d ed. 1995) § 31.131.

WHEREFORE, Guidant respectfully requests that the Court stay this action and allow for all proceedings and deadlines to be re-set by the MDL Court.

DATED: January 10, 2008                    Respectfully submitted,


                                           SHOOK, HARDY & BACON L.L.P.


                                           By: /S/ Mia O. Solvesson
                                               DANA N. GWALTNEY
                                               MIA O. SOLVESSON

                                           Attorneys for Defendants
                                           GUIDANT CORPORATION, GUIDANT
                                           SALES CORPORATION, CARDIAC
                                           PACEMAKERS, INC. and BOSTON
                                           SCIENTIFIC CORPORATION