1  Donald S. Edgar, Esq., SBN 139324
   Jeremy R. Fietz, Esq., SBN 200396
2  Rex Grady, Esq., SBN 232236
   **EDGAR LAW FIRM**
3  408 College Avenue
   Santa Rosa, California 95401
4  Telephone: (707) 545-3200
   Facsimile: (707) 578-3040
5
   Attorneys for Plaintiffs
6

7              UNITED STATES DISTRICT COURT

8              NORTHERN DISTRICT OF CALIFORNIA

9

10

11 SETA SAAD and CHRISTIAN E. SAAD,      ) Case No: C 08-00053-PJH
   individually and as representatives of the )
12 Estate of Raymond Saad,                )
                                          ) **NOTICE OF MOTION AND MOTION**
13        Plaintiffs,                     ) **FOR REMAND; MEMORANDUM OF**
                                          ) **POINTS AND AUTHORITIES**
14 v.                                     )
                                          )
15 GUIDANT CORPORATION; GUIDANT           )
   SALES CORPORATION; CARDIAC             ) Hearing Date: February 20, 2007
16 PACEMAKERS, INC.; BOSTON               )
   SCIENTIFIC CORPORATION; ASHLEY &       ) Time: 9:00 a.m.
17 MCMULLEN-WING SUN MORTUARY, a          )
   business entity form unknown, ASHLEY & ) Location: Courtroom 3, 17th Floor
18 MCMULLEN, a business entity form       )
   unknown; and DOES 1 through 20,        ) Honorable Phyllis J. Hamilton
19 inclusive,                             )
                                          ) Removal Filed: January 4, 2008
20        Defendants.                     )
                                          )
21 ─────────────────────────────────────

22

23           **NOTICE OF MOTION AND MOTION FOR REMAND**

24      Notice is hereby given that plaintiffs SETA SAAD and CHRISTIAN E. SAAD,

25 individually and as representatives of the Estate of Raymond Saad, will and hereby do

   move this honorable Court for an order to remand this matter back to the California

State Court for the County of San Francisco, as there is no proper federal jurisdiction in this matter. This motion will be heard on February 20, 2008 at 9:00 a.m. in Courtroom 3, 17th Floor, 450 Golden Gate Ave, San Francisco, CA before the Hon. Phyllis J. Hamilton.

This motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Jeremy R. Fietz, the Reply Memorandum to be filed in response to any opposition to this motion, and upon any additional evidence accepted by the Court in consideration of this motion.

DATED: January 15, 2008                    **EDGAR LAW FIRM**

By: _____
DONALD S. EDGAR, ESQ.
JEREMY R. FIETZ, ESQ.
Attorneys for Plaintiffs

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   PROCEDURAL HISTORY

Defendants GUIDANT CORPORATION; GUIDANT SALES CORPORATION; CARDIAC PACEMAKERS, INC.; BOSTON SCIENTIFIC CORPORATION (hereinafter referred to as "Guidant") filed their notice of removal of this action from the Superior Court of the State of California for the County of San Francisco on January 4, 2008. Defendants' notice of removal is based on diversity jurisdiction, specifically 28 U.S.C. § 1332(a)(2). Defendants' notice of removal is fatally flawed. Diversity jurisdiction requires complete diversity of all parties. Defendant Cathay Mortuary Wah Sang Inc. dba Ashley & McMullen Mortuary (hereinafter referred to as "Ashley") is a California

1  company with its principal place of business in San Francisco, California (and is,
2  therefore, a California resident).  The Plaintiffs in this action are California residents.
3  Therefore, there is not complete diversity and no diversity jurisdiction lies.  In an attempt
4  to avoid this undisputed fact, defendant Guidant attempts to argue that Ashley is an
5  "improperly joined" defendant.  Defendant's argument is wholly without merit, and this
6  action should be remanded.

## II.    THERE IS NO DIVERSITY JURISDICTION

7  Remand is mandated where the notice of removal does not establish federal
8  jurisdiction over the action removed.  *See* 28 U.S.C. § 1447(c); 28 U.S.C. § 1446(a).  It
9  is a well-established principle that diversity jurisdiction requires that *all* Plaintiffs be of
10 different citizenship than *all* defendants.  Any instance of common citizenship prevents
11 federal diversity jurisdiction.  Strawbridge v. Curtiss, 7 U.S. (3 Cranch.) 267 (1806); *see*
12 *also* Allstate Ins. Co. v. Hughes, 346 F.3d 952, 955 (9th Cir. 2003) (diversity jurisdiction
13 under 28 U.S.C. § 1332 requires complete diversity of citizenship, each of the plaintiffs
14 must be a citizen of a different state than each of the defendants).

15 In the instant matter, defendant Ashley is a California entity with its principal
16 place of business in California.  *See* Complaint, ¶¶ 9 and 10.  "[A] corporation shall be
17 deemed a citizen of any State by which it has been incorporated *and* of the State where
18 it has its principal place of business."  28 U.S.C. § 1332(c)(1) (emphasis added).
19 Ashley is a citizen of the State of California for purposes of diversity jurisdiction (this is
20 not denied by the removing defendant).  Plaintiffs Seta Saad and Christian Saad are
21 citizens of the State of California.  Complaint, ¶¶ 3 and 4.  Therefore, since *all* Plaintiffs
22 are not of different citizenship than *all* defendants, no diversity jurisdiction lies and this
23 matter should be remanded.  It is worth noting that defendant Guidant is not disputing
24 the lack of diversity of citizenship between the Plaintiffs and the Ashley defendant.
25 / /
   / /

### III. ASHLEY IS NOT AN "IMPROPERLY JOINED" DEFENDANT

#### A. The "Sham" ("Improperly Joined") Defendant Doctrine

Guidant attempts to avoid the clear and unambiguous language of 28 U.S.C. § 1332 by arguing in their Notice of Removal that Ashley is "improperly joined". Defendant's argument is simply false, and not borne out by any of the evidence or argument attached to defendant's Notice of Removal.

A defendant may be considered a "sham" defendant by the Court when the following is present: 1) there is no possibility that plaintiffs can prove a cause of action against the resident defendant; 2) there is outright fraud in pleading jurisdictional facts; or 3) a non-diverse defendant is joined with a diverse defendant as to whom there is no joint, several, or alternative liability and where the claim against the non-diverse defendant has no real connection to the claim against the non-diverse defendant. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). The "sham" (or "improperly joined") defendant doctrine is a judicially created doctrine that provides an exception to the requirement of complete diversity. *Id.* at p. 1287. Defendant apparently concedes that there may be valid causes of action against Ashley and that there has been no fraud in the jurisdictional facts. As a result, their basis for claiming that Ashley is a "sham" defendant is apparently prong 3; that there is no connection between the claims against Guidant and the claims against Ashley. This position is false and is belied by the details contained within the complaint itself.

Defendant has the burden of proof to establish the proper basis for removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). In this case, the burden of proof is on defendant to prove that Ashley is a "sham" defendant and the complete diversity rule does not apply.

The removal statute is to be strictly construed against removal, and when any doubt as to the right of removal is shown federal jurisdiction must be rejected. *Id.* at p. 566; see also Healy v. Ratta, 292 U.S. 263, 270 (1934). When a removal is challenged by a motion to remand, facts must be *clearly demonstrated* in favor of removal,

otherwise significant doubts about its propriety must be resolved against removal. Matter of Marriage of Smith, 549 F.Supp. 761 (W.D. Tex. 1982).

**B.  Plaintiffs Have Alleged Facts Stating Claims Involving Ashley And Guidant As Joint Tort-Feasors**

In its Notice of Removal, defendant argues that Plaintiffs' allegations against defendant Ashley are distinct and separate from the allegations against defendant Guidant. This is a gross misrepresentation of the nature of the complaint's allegations. In fact, as is made obvious from a review of the Complaint, **the allegations against Ashley are inseparable from those against Guidant because the Guidant defendants and Ashley worked in concert with one another in bringing about the damages to the Plaintiffs.**

As discussed in the Complaint, shortly after Mr. Raymond Saad's death, his widow, Seta, hired Ashley & McMullen Mortuary to care for his body. A Guidant representative requested permission to conduct a non-invasive test of the implantable defibrillator. Such testing requires only that a device be passed over the body. Ms. Saad granted permission for such a test but only in her presence. What ended up happening was that Ashley permitted the Guidant employee to conduct the test without Ms. Saad, and then, without Ms. Saad's consent, actually removed the device from the body of her husband and took it away.

Several causes of action contained in the Complaint allege liability against Guidant for testing and then removing the device from the decedent's corpse without consent, and several causes of action allege liability against Ashley for permitting Guidant to do so. Guidant and Ashley are joint tort feasors. Their liability for many causes of action contained in the complaint is completely intertwined. Amazingly, Guidant's removal papers do not refer to any of this. Instead, Guidant <u>pretends</u> that the liability of Ashley is so removed from that of Guidant that Ashley is improperly joined. Guidant's position is a complete distortion, if not misrepresentation, of the pleadings.

A more detailed examination of the Complaint demonstrates the falseness of Guidant's position:[1]

### Count III (Negligence against Guidant)

Paragraph 125: Defendants breached their duty of reasonable care to Plaintiffs by failing to obtain authorization from Mrs. Saad or Christian Saad to inspect the body of Raymond Saad and perform tests without her being present. They breached their duty, also, by extracting the defective device from Mr. Saad's body without obtaining permission from Ms. Saad or Christian Saad.

...

### Count IV (Negligence Per Se against Guidant)

Paragraph 133: Furthermore, by gaining access to the body of Raymond Saad and extracting the defective device from that body without obtaining the consent of Mr. Saad's successors-in-interest, Defendants violated *Penal Code §§ 487* and *642,* and *Health and Safety Code §7114,* thereby subjecting themselves to civil liability for all damages arising therefrom.

### Count V (Negligence against Ashley)

Paragraph 140: Defendants breached their duty of ordinary or reasonable care to Plaintiffs by permitting Guidant agents and employees access to Mr. Saad's body for the purpose of extracting the implanted H135 Device from that body without obtaining the Plaintiffs' approval beforehand.

---

[1] For the Court's ease of reference a true and correct copy of the Complaint is attached to the Declaration of Jeremy R. Fietz as Exhibit A.

Paragraph 141: Defendants breached their duty of ordinary or reasonable care to Plaintiffs by permitting Guidant agents and employees to take the extracted H135 Device from the mortuary.

...

**Count XI (Negligent Infliction of Emotional Distress against Ashley)**

Paragraph 179: Defendants carelessly and negligently allowed Guidant's agents and employees acess to the body of Raymond Saad for the purpose of conducting tests or readings and extracting the defective H135 Device.

Paragraph 180: The carving into the body of Raymond Saad amounted to the desecration of a corpse, which all cultures, in all times, have held to be an extreme taboo. The desecration of a corpse is a vile act. The act is one that gives rise to extreme revulsion. That revulsion is significantly greater when felt by one whose loved one's body has been desecrated. With such revulsion is added extreme heart-ache, anxiety, anger, dismay and a host of other emotions.

...

**Count XII (Intentional Infliction of Emotional Distress against Guidant)**

Paragraph 187: Defendants' conduct was intentional, knowing, oppressive, fraudulent, malicious, extreme and outrageous, and done in conscious and reckless disregard of Plaintiffs' rights, thereby entitling Plaintiffs to seek to assert claims for exemplary and punitive damages, at the appropriate time under governing law, in an amount sufficient, necessary and appropriate to punish Defendants for their reprehensible conduct and to deter them and others from such conduct in the future.

...

**Count XV (Conversion against Guidant)**

Paragraph 206: The H135 Device was purchased by Raymond Saad and Seta Saad from the Defendants. At the time of his death, Mr. Saad had lawful title to and possession of the H135 Device. Upon his death, titled remained with his estate. The device, however, remained in Mr. Saad's body.

Paragraph 207: Following Mr. Saad's death, his body was entrusted to the mortuary owned and operated by [Defendant Ashley]. While the body reposed at the mortuary, the Guidant Defendants contacted the mortuary and falsely claimed to have obtained Seta Saad's permission to observe the body and take readings from the H135 Device. This, the Mortuary allowed.

Paragraph 208: In addition to taking readings from the H135 Device, the Guidant Defendants willfully and maliciously extracted the device from Mr. Saad's body and took it away from the Mortuary. The Defendants retain possession of the device to this day.

....

It is plain to see that the allegations against Ashley are not separable from the allegations against Guidant. Indeed, the attempts to hijack this case not just to Federal Court but to the Federal Court in another state (through the MDL process) is itself highly improper and is clearly an abuse of the removal process.

Guidant was perhaps hoping that Plaintiffs would not have the same level of resources available to a multi-billion dollar company to fight their improper attempt to avoid State Court jurisdiction. It is respectfully submitted that it would be unfair to force Plaintiffs to bear the expense and burden of Guidant's improper removal.

### IV. PAYMENT OF JUST COSTS AND FEES

Plaintiffs respectfully submit that this warrants the payment of "just costs" incurred because of the removal. Plaintiffs hereby requests fees for the work expended in the preparation of this motion, to which they are entitled under 28 U.S.C. 1447(c). The Code provides:

> "(c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. **An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal**. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case."

Plaintiffs' counsel Jeremy R. Fietz expended more than 10 hours in the preparation of this motion. Declaration of Jeremy R. Fietz, Esq., para. 5. His reasonable hourly rate is $250.00. Fietz Decl., para. 6.

### V. CONCLUSION

For the forgoing reasons, Plaintiffs respectfully request that this Court immediately grant plaintiffs' motion for remand, and grant them attorney's fees in the amount of $2500. If defendant Guidant further opposes this Motion for Remand, Plaintiffs' fee request will naturally increase to reflect time spent in Reply.

Dated: January 15, 2008

By: Jeremy R. Fietz, Esq. (State Bar No. 200396)
EDGAR LAW FIRM
408 College Avenue
Santa Rosa, CA 95401

# PROOF OF SERVICE

I am employed in the City and County of Santa Rosa, State of California. I am over the age of 18 and not a party to the within action. My business address is 408 College Avenue, Santa Rosa, California 95401.     On January 16, 2008, I served the foregoing document(s) described as:

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES;**

on the interested parties by placing ( ) the original ( X ) a true and correct copy thereof in a sealed envelope addressed as follows:

| | |
|---|---|
| Dana N. Gwaltney, Esq.<br>SHOOK HARDY & BACON LLP<br>333 Bush Street, Suit 600<br>San Francisco, CA 94104-2828<br>Telephone: 415/544-1900<br>Facsimile: 415/391-0281<br><br>**Attorneys for Guidant Corporation,<br>Guidant Sales Corporation; Cardiac<br>Pacemakers, Inc., and Boston<br>Scientific Corproation** | Merrilee C. Miller, Esq.<br>LAW OFFICES OF WILLIAM J. DIFFENDERFER<br>One Market, Spear Tower, Suite 2150<br>San Francisco, CA 94105<br>Telephone:(415) 348-4150<br>Facsimile: (800) 914-3772<br><br>**Attorneys for Cathay Mortuary Wah<br>Sang Inc. dba Ashley & McMullen<br>Mortuary** |

[X]   VIA OVERNIGHT MAIL:

VIA : By delivering such documents to an overnight mail service or an authorized courier in an envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

[ ]   VIA U.S. MAIL:

I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice such envelope(s) would be deposited with the U.S. postal service with postage thereon fully prepaid, at Santa Rosa, California.

[X]   FEDERAL:

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the state of California that the above is true and correct and was executed on January 16, 2008

_____
JEREMY R. FIETZ