MERRILEE C. MILLER (SBN 157100)
LAW OFFICES OF WILLIAM J. DIFFENDERFER
One Market, Spear Tower, Suite 2150
San Francisco, CA 94105
Phone: 415-348-4150
Fax: 800-914-3772

Attorney for Defendant/Cross-Complainant
CATHAY MORTUARY WAH SANG INC.
dba ASHLEY & MCMULLEN MORTUARY
WING SUN SUCCESSOR TO CATHAY MORTUARY WAH SANG
(erroneously named and sued herein as
ASHLEY & MCMULLEN-WING SUN MORTUARY
and ASHLEY & MCMULLEN)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SETA SAAD and CHRISTIAN E. SAAD, individually and as representatives of the Estate of Raymond Saad,<br><br>Plaintiffs,<br><br>v.<br><br>GUIDANT CORPORATION; GUIDANT SALES CORPORATION; CARDIAC PACEMAKERS, INC.; BOSTON SCIENTIFIC CORPORATION; ASHLEY & MCMULLEN-WING SUN MORTUARY, a business entity form unknown, ASHLEY & MCMULLEN, a business entity form unknown; and DOES 1 through 20, inclusive,<br><br>Defendants.<br>CATHAY MORTUARY WAH SANG INC. dba ASHLEY & MCMULLEN MORTUARY WING SUN SUCCESSOR TO CATHAY MORTUARY WAH SANG,<br><br>Cross-Complainant, | Case No.: C 08-00053-PJH<br><br>**JOINDER OF DEFENDANT/CROSS-COMPLAINANT CATHAY MORTUARY WAH SANG INC. dba ASHLEY & MCMULLEN MORTUARY** WING SUN SUCCESSOR TO CATHAY MORTUARY WAH SANG **IN PLAINTIFFS' MOTION FOR REMAND**<br><br>**Hearing Date: February 20, 2008**<br>**Time: 9:00 a.m.**<br>**Location: Courtroom 3, 17th Floor**<br>**Judge: Honorable Phyllis J. Hamilton**<br><br>**Complaint Filed: October 29, 2007**<br>**Removal Filed:  January 4, 2008** |

DEFENDANT/CROSS-COMPLAINANT CATHAY MORTUARY'S JOINDER IN REMAND MOTION        1

v.

GUIDANT CORPORATION; GUIDANT SALES CORPORATION; CARDIAC PACEMAKERS, INC.; BOSTON SCIENTIFIC CORPORATION; and ROES 1 through 50, inclusive,

       Cross-Defendants.

## I.    JOINDER IN PLAINTIFFS' MOTION TO REMAND

Plaintiffs set forth the background of this case in their moving papers, and reference is made to those moving papers without admission of any truth to the allegations made therein. CATHAY MORTUARY WAH SANG INC. dba ASHLEY & MCMULLEN MORTUARY WING SUN SUCCESSOR TO CATHAY MORTUARY WAH SANG (hereinafter referred to as "Cathay Mortuary") hereby joins in Plaintiffs' Motion for Remand for the reasons stated below.

## II.    THERE IS NO DIVERSITY JURISDICTION.

As stated by Plaintiffs, diversity jurisdiction requires complete diversity of all parties (28 U.S.C. section 1332). Cathay Mortuary is a California corporation (see true and correct copy of the California Secretary of State's notice of corporate active status from the Secretary of State website, marked as Exhibit "A" and attached to the Declaration of Merrilee C. Miller submitted with this Joinder). Its principal place of business is in San Francisco. For purposes of diversity, Cathay Mortuary is a California resident (28 U.S.C. section 1332(c)(1)).

Plaintiffs allege they are California residents (paras. 3 and 4, Complaint, Exhibit "A" to Declaration of Jeremy R. Rietz attached to Plaintiffs' Motion). Thus, as discussed in full in Plaintiffs' Motion for Remand, diversity jurisdiction is defeated.

In addition, Cathay Mortuary is a family run business, a local business with local counsel. Anticipating the Guidant defendants' Motion for the case to be transferred to the Minnesota MDL

court, it would be an extreme hardship on the Mortuary and its local counsel to put on a defense in Minnesota.

## III. CATHAY MORTUARY IS A PROPERLY JOINED PARTY.

While Cathay Mortuary denies any liability for the claims made by Plaintiffs against it, the allegations themselves demonstrate that it is a properly joined party. The Guidant defendants contend that the factual allegations and the legal theories claimed against Cathay Mortuary are distinct and separate. On the contrary, the few allegations against Cathay Mortuary regarding the testing and removal of the device are closely intertwined with those against the Guidant defendants as discussed by Plaintiffs on pages 5-8 of their moving papers.

Plaintiffs allege facts that create a joint tortfeasor relationship between the Guidant defendants and Cathay Mortuary. Accordingly, Cathay Mortuary filed and served a cross-complaint for indemnity, apportionment of fault, contribution, and declaratory relief against the Guidant defendants. A response is due by February 13, 2008.

## IV. IN THE ALTERNATIVE, THE JOINT CLAIMS AGAINST CATHAY MORTUARY AND THE GUIDANT DEFENDANTS SHOULD BE SEVERED AND REMANDED.

The Guidant defendants argue in their Notice of Removal that the mortuary can be severed from the action and that part of the case can be remanded. This is not accurate since the claims against the mortuary and the Guidant defendants are too closely connected, and the mortuary has a cross-complaint against the Guidant defendants which must be addressed.

However, if the court is inclined to deny Plaintiff's Motion to Remand in full, Cathay Mortuary respectfully requests the court to consider an alternative. The claims against the mortuary pertain to a limited time period. The only facts alleged against the mortuary, which are closely connected to acts and omissions by the Guidant defendants, are as follows:

98. At the direction of Mr. Saad's widow, Seta Saad, Mr. Saad's body was transported to a mortuary in San Francisco. That mortuary was owned and operated by Ashley & McMullen and Ashley & McMullen-Wing Sun Mortuary. Within a day following transport, Ms. Saad spoke with a representative of Guidant on the phone. She expressed concerns regarding possible defects in the device. The Guidant representative requested if Guidant could perform a non-invasive test or reading of the device, which was still implanted in Mr. Saad's body. She said this would be permissible *as long as she could be present.*

99. Following the phone conversation between Ms. Saad and Guidant, Guidant employee Craig Lawrence contacted the mortuary and informed persons there that Guidant had authority from Ms. Saad to perform a test or reading of the HR 135 device. Without confirming with Ms. Saad beforehand, the Mortuary agreed to allow Guidant to perform the test. The test was performed soon thereafter by Guidant employee David McCallum. No one informed Ms. Saad that the test would be taking place, and she was not present while the test was performed.

100. The day following the test or reading of the device, Guidant sent another agent to remove the device from Mr. Saad's body. The Guidant agent who performed the removal was a person named Joseph Lopez. The extracted device was taken from the Mortuary by Guidant's agent and returned by him to Guidant. Guidant maintains custody of the device to this day.

101. Neither Ms. Saad nor Christian Saad granted any authority to anyone to extract the device.

Cathay Mortuary is not involved in any other part of the case. Causes of action for negligence and negligent infliction of emotional distress are alleged against the mortuary. Causes of action alleged against the Guidant defendants, pertaining to the testing and removal of the device, are for negligence, intentional infliction of emotional distress, unfair competition and unfair business practices, and conversion.

Cathay Mortuary respectfully submits that these causes of action, pertaining only to the testing and removal of the device at the mortuary, can be severed from the action and remanded to the superior court where they belong. Cathay Mortuary would then still be able to prosecute its cross-complaint against the Guidant defendants.

## V.    CONCLUSION

Defendant/Cross-Complainant CATHAY MORTUARY WAH SANG INC. dba ASHLEY & MCMULLEN MORTUARY WING SUN SUCCESSOR TO CATHAY MORTUARY WAH SANG respectfully requests the court to consider the argument presented in Plaintiffs' Motion for Remand and in its Joinder above and grant Plaintiffs' Motion for Remand.

In the alternative, Cathay Mortuary respectfully requests the court to sever the causes of action and parties noted above and remand those to the San Francisco Superior Court.

Dated: January 29, 2008                    LAW OFFICES OF WILLIAM J. DIFFENDERFER

*/S/ Merrilee C. Miller*
By: _____
MERRILEE C. MILLER
Attorneys for Defendant/Cross-Complainant
CATHAY MORTUARY WAH SANG INC.
dba ASHLEY & MCMULLEN MORTUARY
WING SUN SUCCESSOR TO CATHAY MORTUARY WAH SANG