Dana N. Gwaltney (SBN 209530)
dgwaltney@shb.com
Mia O. Solvesson (SBN 246291)
msolvesson@shb.com
SHOOK, HARDY & BACON L.L.P.
333 Bush Street, Suite 600
San Francisco, California 94104-2828
Telephone:   415.544.1900
Facsimile:   415.391.0281

Attorneys for Defendants
GUIDANT CORPORATION, GUIDANT SALES
CORPORATION, CARDIAC PACEMAKERS, INC., and
BOSTON SCIENTIFIC CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SETA SAAD and CHRISTIAN E. SAAD, individually and as representatives of the Estate of RAYMOND SAAD,<br><br>Plaintiffs,<br><br>vs.<br><br>GUIDANT CORPORATION; GUIDANT SALES CORPORATION; CARDIAC PACEMAKERS, INC.; BOSTON SCIENTIFIC CORPORATION; ASHLEY & MCMULLEN-WING SUN MORTUARY, a business entity form unknown; ASHLEY & MCMULLEN, a business entity form unknown; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. C 08-0053-PJH<br><br>**OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND**<br><br>Date:   February 20, 2008<br>Time:  9:00 a.m.<br>Ctrm:  3, 17th Floor<br>Judge: Judge Phyllis J. Hamilton<br><br>Complaint filed: October 29, 2007 |

On January 4, 2008 Defendants Guidant Corporation, Guidant Sales Corporation, Cardiac Pacemakers, Inc., and Boston Scientific Corporation (collectively "Guidant") removed this action to the Northern District of California based on diversity of citizenship between the parties. 28 U.S.C. §§ 1332. On January 15, 2008, Plaintiffs filed a motion for remand. Guidant submits the following opposition to Plaintiffs' motion and requests that this Court defer ruling on Plaintiffs' motion to remand and allow the motion to be heard by the MDL Court created to

1

coordinate federal court cases pending against Guidant which raise similar allegations to those in this case. If the Court is inclined to decide this motion, Guidant requests that the motion be denied, or in the alternative, that the claims against the non-diverse Defendants, Ashley & McMullen-Wing Sun Mortuary and Ashley & McMullen (collectively, "Ashley & McMullen") be severed and remanded.

## INTRODUCTION

This is one of more than 2,000 cases pending in federal courts throughout the country against Guidant that alleges defects in highly-complex implantable cardiac devices. On November 7, 2005, the Judicial Panel on Multidistrict Litigation ("JPML") established MDL No. 1708, *In re Guidant Corp. Implantable Defibrillators Products Liability Litigation* ("MDL" or "MDL-1708"), for purposes of consolidating and coordinating pretrial proceedings in these cases. The MDL Court is in the District of Minnesota and is presided over by the Honorable Donovan W. Frank. Over 2,020 cases have been centralized in the MDL, and more are in the process of being transferred.[1]

Guidant respectfully requests that this Court defer ruling on Plaintiffs' motion for remand, permit transfer of this action to the MDL, and allow the MDL Court to decide Plaintiffs' motion.[2] The MDL Court has jurisdiction to determine Plaintiffs' motion for remand and should decide that motion in light of Judge Frank's experience and expertise with the thousands of cases involving implantable cardiac devices that comprise MDL-1708. Judges in 21 other cases filed in California naming allegedly non-diverse defendants have already deferred ruling when faced with similar motions to remand and pending a transfer to the MDL.[3] Therefore, allowing the

---

[1] Guidant expects that this case will be conditionally transferred to the MDL and assigned to Honorable Donovan W. Frank shortly.

[2] On January 16, 2008, after reassignment to Judge Hamilton, Guidant re-filed a Motion to Stay Pending Transfer to MDL Court. Guidant contends that, in addition to staying all proceedings, the Court should defer ruling on Plaintiffs' Motion for Remand and permit the MDL judge to decide the motion. The hearing on that Motion to Stay is scheduled concurrently with Plaintiffs' Motion for Remand.

[3] Hearings on similar motions to remand in all 21 cases in the Central, Eastern, Northern, and Southern Districts (with one exception) were vacated. **Central District:** *Barriga v. Guidant*

2
135179v1                                                  OPPOSITION TO PLAINTIFFS' MOTION TO REMAND
                                                          CASE NO. C 08-0053-PJH

MDL to decide these issues in all pending California cases will assure efficiency and consistency among rulings, and will promote judicial economy.

In the alternative, if the Court decides not to stay all proceedings in this case pending its transfer to the MDL, the Court should deny Plaintiffs' motion for remand. First, diversity jurisdiction is proper because diversity of citizenship exists between the parties. For the purpose of determining whether diversity jurisdiction exists, Co-Defendant Ashley & McMullen's citizenship should be disregarded because Ashley & McMullen is improperly joined as a defendant in this action. Ashley & McMullen is improperly joined because the claims against it do not involve a question of law or fact common to all parties that are sufficient to overcome the interests of efficiency that come with severance. Therefore, Guidant respectfully requests that this Court sever the claims against Ashley & McMullen from the products liability claims asserted against the remaining defendants pursuant to Federal Rule of Civil Procedure 21, and remand only those claims against Ashley & McMullen to state court.

It is clear that Plaintiffs named Ashley & McMullen as a defendant solely in an attempt to defeat diversity. Nevertheless, as noted above, the best course of action is to permit Judge Frank

---

*Corp. et al.*, CV06-5113 AHS (MLGx); *Dill v. Guidant Corp. et al.*, EDCV06-909 VAP (CTx); *Frayer v. Guidant Corp. et al.*, CV06-5178 AHS (MLGx); *Johnson v. Guidant Corp. et al.*, SACV06-0754 CJC (MLGx); *Roberts v. Guidant Corp. et al.*, CV06-5114 AHS (MLGx); *Russo v. Guidant Corp. et al.*, SACV06-766 JVS (RNBx); *Smith v. Guidant Corp. et al.*, SACV06-767 JVS (ANBx); and *Smith-Toscano v. Guidant Corp. et al.*, SACV06-0753 AHS (MLGx). **Eastern District:** *Biondi et al. v. Guidant Corp. et al.*, 1:06 CV 01150 AWI DLB; *Everett v. Guidant Corp.*, CV F 06-01116 AWI LJO; *Notestine v. Guidant Corp. et al.*, 2:06 CV 01945 WBS DAD; *Hosler et al. v. Guidant Corp. et al.*, 2:06-CV-01972 FCD KJM; and *Cameron et al. v. Guidant Corp. et al.*, 2:06-cv-01960 FCD DAD. **Northern District:** *Brown v. Guidant Corp. et al.*, 5:07-cv-00409 JF; *Kocol v. Guidant Corp. et al.*, C-06-06537 JF; *McConville et al. v. Guidant Corp. et al.*, 4:06-cv-05151 WDB; and *Nelsen v. Guidant Corp. et al.*, CV 06-05170 PJH. Oral argument was heard in one case in the Northern District, but the court stayed the case prior to issuing an order on plaintiffs' motion to remand pending a decision by the JPML on transfer: *Martinez et al. v. Guidant Corp. et al.*, CV 06-05244 JW (oral argument presented on October 16, 2006, before the Hon. James Ware). **Southern District:** *Hardson v. Guidant Corp. et al.*, 06 CV 1687; *Seeger v. Guidant Corp. et al.*, 06 CV 1685; and *Shipley v. Guidant Corp. et al.*, 06 CV 1688. Guidant respectfully requests that this Court take judicial notice under Federal Rule of Evidence 201 of the orders and civil minutes vacating, staying or continuing the hearings on plaintiffs' motions to remand, attached as **Exhibit A**.

3

135179v1

OPPOSITION TO PLAINTIFFS' MOTION TO REMAND
CASE NO. C 08-0053-PJH

to decide the issue because he is in the best position to determine whether this case should be remanded and allowing him to do so will lessen the likelihood of inconsistent decisions.

## OPPOSITION ARGUMENT

### I. Deferral to the MDL Court is Appropriate for Jurisdictional Matters.

"Any motions for remand to state court can be presented to and decided by the transferee court." Transfer Order, *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, Docket No. 1708 (J.P.M.L. June 13, 2006).[4] Guidant requests that the MDL Court be allowed to decide Plaintiffs' motion to remand. The JPML and other district courts throughout the country have deferred ruling on motions to remand raising similar jurisdictional issues.[5] Allowing the MDL Court to decide Plaintiffs' motion for remand will serve the purposes of efficiency and consistency for which the MDL process was created.

### A. The vast majority of similar actions against Guidant have been transferred to the MDL Court.

District courts throughout the country have stayed proceedings, including pending or potential motions to remand, in similar actions against Guidant where defendants were improperly joined. Here, the MDL Court has the jurisdiction to determine Plaintiffs' remand motion and should decide that motion in light of Judge Frank's experience and expertise with the hundreds of cases involving implantable cardiac devices that comprise MDL-1708. Judges in 21 other California cases naming alleged non-diverse defendants have deferred ruling on the plaintiffs' motions to remand to allow the JPML to first determine whether those cases will be transferred.[6]

As recognized by Judge Damrell of the Eastern District, "[s]aid stay is warranted because should the JPML transfer the actions, allowing the MDL court to decide plaintiffs' motions to

---

[4] Guidant respectfully requests that this Court take judicial notice under Federal Rule of Evidence 201 of the Transfer Order in *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, Docket No. 1708 (J.P.M.L. June 13, 2006), attached as **Exhibit B**.

[5] *See* note 3, *supra* at 2.

[6] *See id.*

remand will serve the purposes of efficiency and consistency for which the MDL process was created."[7] Likewise, Judge Brazil of the Northern District vacated and continued the hearing on the plaintiff's motion to remand in *McConville v. Guidant Corporation* "in the interest of uniformity of decisions in similar actions . . . ."[8] Given the number of cases that present these jurisdictional issues, and in light of the 21 other California district courts that have deferred such rulings, Guidant respectfully requests that this Court do the same.

### B.  Deferring to the MDL Court will promote judicial economy and consistency of opinions.

Deferring to the MDL Court here will promote judicial economy and consistency. The "general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until after the [JPML] has transferred the case." *Jackson v. Johnson & Johnson, Inc.*, No. 01-2113, 2001 WL 34048067, at *6 (W.D. Tenn. Apr. 3, 2001). Consolidating motions to remand in the MDL Court establishes uniformity and judicial economy in determining jurisdictional issues. *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) ("Once transferred, the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level in due course. Consistency as well as economy is thus served."); *Moore v. Wyeth-Ayerst Labs.*, 236 F. Supp. 2d 509, 512 (D. Md. 2002) (staying motion to remand pending MDL transfer "because it furthers the goals of judicial economy and consistency"); *Falgoust v. Microsoft Corp.*, No. 00-0779, 2000 WL 462919, at *1–2 (E.D. La. Apr 19, 2000) (transferee court should decide remand motion because of the replication of factual and legal issues in several actions brought against same defendant); *Aikins v. Microsoft Corp.*, No. 00-0242, 2000 WL 310391, at *1–2 (E.D. La. Mar. 24, 2000) (same). Moreover, deference to the JPML and the

---

[7] *See id.*, **Exhibit C**, October 4, 2006, Order Staying Actions, Hon. Frank C. Damrell, Jr., *Hosler et al. v. Guidant Corp. et al.*, 2:06-CV-01972 FCD KJM (E.D. Cal.), *Cameron et al. v. Guidant Corp. et al.*, 2:06-cv-01960 FCD DAD (E.D. Cal.).

[8] *See id.*, **Exhibit D**, September 28, 2006, Order Continuing Hearing of Plaintiffs' Motion to Remand, Hon. Wayne D. Brazil, *McConville v. Guidant Corporation et al.*, No. C 06-5151 WDB (N.D. Cal.).

MDL Court, is appropriate when the parties contest issues that are "likely to arise in other actions pending in the MDL transferee court." *Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004). In short, "deference to the MDL court for resolution of a motion to remand provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system." *Id.*

Furthermore, the JPML has already received and ruled on briefing relating to similar remand issues pending in California cases. For example, CTO 18 and CTO 19 included nineteen California cases in which the plaintiffs filed motions to remand based on joinder of allegedly non-diverse defendants.[9] In 17 of those 19 cases, the plaintiffs opposed transfer; transfer was not ultimately opposed in the other two and those cases were quickly sent to the MDL. The JPML considered arguments opposing CTO 18 and CTO 19[10] on November 30, 2006 and January 25, 2007, respectively, and issued its rulings.[11] In its Transfer Order, the JPML explained that transferring the actions "will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation."[12] Thus, these rulings provide guidance on the JPML's views of jurisdictional issues that are similar to those raised here.

Allowing the MDL to decide these issues will assure efficiency and consistency, and will not unfairly prejudice Plaintiffs. Upon transfer to the MDL, Plaintiffs' counsel will have access to more than 14 million pages of documents produced in the MDL. In contrast, without a

---

[9] Guidant respectfully requests that this Court take judicial notice under Federal Rule of Evidence 201 of CTO 18 and CTO 19, attached as **Exhibits E** and **F**.

[10] The JPML considered plaintiffs' oppositions to transfer, without oral argument, in the following six California cases in CTO 19: *Everett v. Guidant Corp., et al.*, No. 1:06-1116 (E.D. Cal.); *Biondi v. Boston Scientific Corp., et al.*, No. 1:06-1150 (E.D. Cal.); *Notestine v. Guidant Corp., et al.*, No. 2:06-1945 (E.D. Cal.); *Cameron v. Guidant Corp., et al.*, No. 2:06-1960 (E.D. Cal.); *Hosler v. Guidant Corp., et al.*, No. 2:06-1972 (E.D. Cal.); and *Martinez v. Guidant Corp., et al.*, No. 5:06-5244 (N.D. Cal.).

[11] Guidant respectfully requests that this Court take judicial notice under Federal Rule of Evidence 201 of a copies of the Notices of Hearing set for November 30, 2006 and January 25, 2007, issued by the JPML, attached as **Exhibits G** and **H**.

[12] Guidant respectfully requests that this Court take judicial notice under Federal Rule of Evidence 201 of a copy of the February 12, 2007 Transfer Order, issued by the JPML, attached as **Exhibit I**.

postponement in proceedings, Guidant will be forced to litigate the same jurisdictional issues in different courts, which would risk inconsistent rulings. Therefore, in light of the 21 other California district courts that have deferred such rulings, Guidant respectfully requests that this Court do the same.

      **C.    Because Plaintiffs have applied to and are eligible to participate in the global settlement, this Court should stay all proceedings and defer ruling on Plaintiffs' motion for remand pending a transfer to the MDL.**

On November 19, 2007, Boston Scientific publicly announced an amended agreement to settle claims related to claims over allegedly defective defibrillators sold by Guidant, including the defibrillator at issue in this case. While the settlement terms are confidential, Boston Scientific will pay a total of up to $240 million, subject to certain conditions. On January 15, 2008, Plaintiffs' counsel completed and submitted the MDL Settlement Consideration Form (SCF), which is used to submit a claim. Although the SCF is not an agreement to settle their claims, Plaintiffs are eligible to participate in the settlement process and are on the list of 8,550 eligible claimants. Thus, the global settlement agreement may possibly resolve this case. Therefore, it would promote judicial economy and consistency to stay all proceedings until it is known whether settlement of Plaintiffs' claims will become final.

**II.    Should this Court Decide to Rule on Plaintiffs' Motion for Remand, the Motion Should be Denied Because Ashley & McMullen was Misjoined.**

This Court has removal jurisdiction over this lawsuit because complete diversity exists between Plaintiffs and the only properly-joined Defendants. 28 U.S.C. §§ 1332, 1441 & 1446. Suits that do not arise under federal law are removable "if none of the parties in interest *properly joined* and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added). All properly joined defendants consented to the removal. Ashley & McMullen's citizenship is irrelevant for removal purposes because, as set forth in more detail below, Ashley & McMullen is improperly joined.

A.  **Severance and remand of claims against non-diverse defendants has been ordered in other Guidant cases.**

In a similar case that was transferred to the MDL from the Northern District of California, the MDL Court found that joinder of a non-diverse, medical negligence defendant was improper.[13] There, in *Brown v. Guidant Corp., et al.*, Case No. 07-1487 DWF AJB, Honorable Donovan W. Frank issued an order denying remand as to the products liability claims against Guidant, while severing and remanding to California state court the medical negligence claim against the non-diverse doctor. In yet another analogous case, the MDL Court also severed and remanded the plaintiff's medical negligence claims while retaining the plaintiff's product-defect claims against Guidant in the MDL in *Alexander v. Boston Scientific Corp. et al.*, Case No. 07-1129 DWF AJB.[14] Specifically, "the claims d[id] not both involve common questions of law or fact and assert joint, several, or alternative liability 'arising out of the same transaction, occurrence, or series of transactions or occurrences.'"[15]

B.  **The claims against Ashley & McMullen should be severed because they are sufficiently distinct from the products liability claims against Guidant to allow severance.**

"Although the modern joinder statutes are to be liberally construed and applied, neither the statutes nor the case law in California permit unlimited joinder." *Hoag v. Superior Court*, 207 Cal. App. 2d 611, 618 (1962). In fact, "[t]he existence of possible common questions of law and fact is insufficient in itself to permit joinder." *Id.* at 620. Instead, there must be a factual nexus connecting or associating the claims pleaded against the defendants. *Id.* at 618. In *Hoag*, for example, the plaintiff alleged that all four defendants invaded the privacy of plaintiffs by

---

[13] Guidant respectfully requests that this Court take judicial notice under Federal Rule of Evidence 201 of the *Brown v. Guidant Corp., et al.*, Case No. 07-1487 DWF AJB, Memorandum Opinion and Order of August 30, 2007, attached as **Exhibit J**.

[14] Guidant respectfully requests that this Court take judicial notice under Federal Rule of Evidence 201 of the *Alexander v. Boston Scientific Corp. et al.*, Case No. 07-1129 DWF AJB, Memorandum Opinion and Order of June 4, 2007, attached as **Exhibit K**.

[15] *Brown v. Guidant Corp., et al.*, Case No. 07-1487 DWF AJB, Memorandum Opinion and Order, August 30, 2007, at 5–6 (*quoting* Fed. R. Civ. P. 20(a)); *Alexander v. Boston Scientific Corp. et al.*, Case No. 07-1129 DWF AJB, Memorandum Opinion and Order, June 4, 2007, at 12 (*quoting* Fed. R. Civ. P. 20(a)).

independently obtaining mug-shots of the plaintiffs and showing them at separate public audiences at different locations and on different dates. *Id.* The court held that four defendants were misjoined because they acted in four entirely different transactions independently of each other. *Id.* Plaintiffs must also show how the claims alleged arise "out of the same transaction, occurrence, or series of transactions or occurrences" *and* that a "question of law or fact common to all these person will arise in the action." Cal. Civ. Proc. Code. § 379(a)(1).

Plaintiffs' allegations do not support joinder here. Legally, Plaintiffs' Complaint separates their claims against Guidant from their claims against Cathay Mortuary. Plaintiffs state claims against Ashley & McMullen solely arising out of its alleged special relationship as the mortuary responsible for Plaintiffs' decedent's burial service. Meanwhile, all but one of the claims against Guidant are related to the design, testing, and manufacturing of the device at issue.

Plaintiffs' claims are factually separable as well. The crux of Plaintiffs' claims against Ashley & McMullen arise from the alleged breach of duty of care that Ashley & McMullen owed to Plaintiffs in the treatment of Plaintiffs' decedent's corpse. And Plaintiffs' claims against Guidant involve the design, testing, and manufacturing of the device at issue. The evidence on these claims will also be separate – evidence regarding the development, manufacture, and testing of Plaintiffs' decedent's ICD on one hand, and evidence regarding the treatment of Plaintiffs' decedent's corpse on the other. Any issues of consent are also independently determined against Guidant and Ashley & McMullen. Thus, Plaintiffs' claims regarding Ashley & McMullen's care and treatment of Plaintiffs' decedent's corpse do not arise out of the same "transaction or occurrence" as his claims against Guidant for the design, manufacture, and distribution of cardiac medical devices and, thus, are improperly joined.

Where plaintiffs have improperly joined parties in a lawsuit pursuant to Rule 20, it is appropriate to sever the claims against the misjoined parties to preserve a removing party's right to removal. Federal Rule of Civil Procedure 21 provides that "[p]arties may be dropped or added by order of the court . . . at any stage of the action and on such terms are just." Courts may sever

misjoined parties when their claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences, and the claims will not involve a question of law or fact common to all parties. *Hamilton v. Signature Flight Support Corp.*, 2005 WL 1514127, No. C-05-490 CW, at *3 (N.D. Cal. June 21, 2005).

In *In re Rezulin Products Liability Litigation*, the Southern District of New York severed the plaintiff's misjoined claim against a home health care provider for the negligent administration of the drug Rezulin, finding that it did not arise from "the same transaction or occurrence" as the claims against the drug manufacturers for negligent marketing and distribution and failure to warn. 168 F. Supp. 2d 136, 144-45 (S.D.N.Y. 2001). In a later ruling in the same litigation, the court held that it was improper to join a malpractice claim – based on the physician's failure to diagnose the plaintiff's alleged liver dysfunction – with a breach of warranty and other claims – that went principally to the safety and efficacy of Rezulin and had "little if anything to do with the malpractice claim." *In re Rezulin Prods. Liab. Litig.*, No. 00 Civ. 2843, 2003 WL 21276425, at *1 (MDL 1348) (S.D.N.Y. June 2, 2003). The court affirmed the magistrate's order severing a medical malpractice claim against a physician, and holding that the joinder of the claim with the others was "inappropriate because the claims do not both involve common questions of law or fact and assert joint, several, or alternative liability . . . arising from the same transaction, occurrence, or series of transactions or occurrences." *Id.* (internal citations omitted).

Finally, in *Greene v. Wyeth*, the district court held that, although the parties were not fraudulently joined, Rule 21 authorized the court to sever the claims and to remand. 344 F. Supp. 2d 1674, 1685. (D. Nev. 2004). The plaintiffs joined medical malpractice claims against a non-diverse doctor who prescribed the Fen-phen with product liability claims against the manufacturer and a non-diverse sales representative. *Id.* at 1683. The court held that the claims were improperly joined, and, because the plaintiffs engaged in forum manipulation, justice was best served by severance. *Id.* at 1684-85. *See also Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 ) (11th Cir. 1996) (affirming district court's severance of improperly-joined parties);

*Lee v. Mann*, No. LE-424-1, 2000 WL 724046, at *1-2 (Va. Cir. Ct. Apr. 5, 2000) (upholding finding of misjoinder of claims against physician and pharmaceutical manufacturer for injuries allegedly received from the use of a diet medication).

By tacking the claims against Ashley & McMullen onto their complaint, Plaintiffs are attempting to rely on claims unrelated to the products liability claims against Guidant, which are the focus of this action, in order to remain in state court and bypass 28 U.S.C. § 1441. Similarly, in *In re Rezulin* and *Greene*, the medical malpractice and negligence claims asserted against the health care providers were improperly joined with product-liability claims against the drug manufacturers. Here, the claims asserted by Plaintiffs against Ashley & McMullen are both factually and legally distinct from the products-liability claims against Guidant. The Court should sever Plaintiffs' claims against Ashley & McMullen under Federal Rule of Civil Procedure 21 and retain jurisdiction over the claims against Guidant.

### C. Severance of the claims against Ashley & McMullen will promote the efficient administration of justice.

Courts may also sever parties for the "efficient administration of justice." *In re Diet Drugs Prods. Liab. Litig.*, MDL No. 1203, Civ. A. 04-20099, 2004 WL 2095451, *1 (E.D. Pa. Sept. 20, 2004) (*citing* Moore's Federal Practice § 21.02(1); *Official Comm. Of Unsecured Creditors v. Shapiro*, 190 F.R.D. 352, 355 (E.D. Pa. 2000)). The "efficient administration of justice" would best be served here by transferring the product liability claims asserted against Guidant to the MDL Court in Minnesota. In its initial Transfer Order, the JPML defined the spectrum of cases comprising MDL No. 1708 as "actions shar[ing] allegations that certain implantable defibrillator devices manufactured by Guidant were defective and caused injury, or the threat of injury, to the plaintiffs . . . ." Transfer Order, *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, Docket No. 1708 (J.P.M.L. Nov. 7, 2005) ("JPML Transfer Order"). The JPML created MDL 1708 to coordinate pretrial activities, to avoid duplicative discovery, and to promote the just and efficient conduct of the litigation. Because Plaintiff asserts allegations similar to those in the more than 2,020 cases already transferred to MDL-

1708, discovery in his case will be duplicative and a hardship on Guidant. More importantly, Plaintiffs' counsel would have access to more than 14 million pages of documents produced in the MDL. Any duplication of effort that will come with severance is far outweighed by the benefits of allowing this case to remain in the MDL.

Because Plaintiffs' claims against Ashley & McMullen are separate and severable from their claims against Guidant, this Court has the discretion to grant remand with regard to Ashley & McMullen, but to retain jurisdiction over the claims against Guidant. Therefore, Guidant urges that this Court sever Plaintiffs' claims against Ashley & McMullen, and that these claims either be dismissed without prejudice or remanded while the claims against Guidant remain in federal court. Upon severance of Defendant Ashley & McMullen from this action, this Court has diversity jurisdiction over the remaining defendants pursuant to 28 U.S.C. § 1332.

### III.  Plaintiffs Should Not Be Awarded Costs and Attorneys' Fees.

Plaintiffs request costs and attorneys fees against Guidant. An award of attorney's fees is inappropriate "where the defendant's attempt to remove the action was fairly supportable and where there has been no showing of bad faith." *Schmitt v. Ins. Co. of N. Am.*, 845 F.2d 1546, 1552 (9th Cir. 1988). As demonstrated above, Guidant not only has an objectively reasonable basis for removal, but in fact has shown that this action should remain in federal court as other similarly-situated cases have. Accordingly, Plaintiff's request for costs and fees should be denied.

### CONCLUSION

Guidant respectfully requests that this Court defer ruling on Plaintiffs' motion to remand and permit the MDL judge to decide the motion. This action belongs in the MDL and is expected to be conditionally transferred shortly. In the alternative, Guidant requests that the Court deny Plaintiffs' motion to remand as to Guidant, and that it sever and remand those claims only against Ashley & McMullen. Guidant properly removed this case to this Court on the ground that diversity of citizenship exists between the parties and Ashley & McMullen has been improperly joined for the sole purpose of destroying diversity. Therefore, Plaintiffs' Motion for

Remand against Guidant should be denied.

DATED: January 30, 2008

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: /S/ Dana N. Gwaltney
    DANA N. GWALTNEY
    MIA O. SOLVESSON

Attorneys for Defendants
GUIDANT CORPORATION, GUIDANT SALES CORPORATION, CARDIAC PACEMAKERS, INC. and BOSTON SCIENTIFIC CORPORATION

135179v1

OPPOSITION TO PLAINTIFFS' MOTION TO REMAND
CASE NO. C 08-0053-PJH