JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 3 2006

FILED
CLERK'S OFFICE

SHOOK, HARDY & ---
6-16-06

*DOCKET NO. 1708*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE GUIDANT CORP. IMPLANTABLE DEFIBRILLATORS PRODUCTS LIABILITY LITIGATION*

*The People of the State of New York, etc. v. Guidant Corp.,* S.D. New York, C.A. No. 1:05-10246
*Willia Kray, et al. v. Guidant Corp., et al.,* N.D. Ohio, C.A. No. 1:06-43
*Meleah Ayres, et al. v. Presbyterian Hospital of Dallas, et al.,* N.D. Texas, C.A. No. 3:06-129
*Larry Hardin, et al. v. Guidant Corp., et al.,* S.D. Texas, C.A. No. 3:05-430

**BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL**

*TRANSFER ORDER*

Before the Panel are motions brought, respectively, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in a Southern District of New York action, Northern District of Ohio action, Northern District of Texas action and Southern District of Texas action. These plaintiffs ask the Panel to vacate its orders conditionally transferring the actions to the District of Minnesota for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket. Common defendant Guidant Corp. (Guidant) opposes the motions to vacate and urges inclusion of the four actions in the MDL-1708 proceedings. Guidant Sales Corp. and Cardiac Pacemakers, Inc., join the opposition to the motions to vacate filed with respect to the actions in which they are named as defendants. The MDL-1708 Plaintiffs' Lead Counsel Committee, on behalf of itself and the MDL-1708 Plaintiffs' Steering Committee, also oppose the motion to vacate filed with respect to the Southern District of New York action.

On the basis of the papers filed and hearing session held, the Panel finds that these four actions involve common questions of fact with the actions in this litigation previously transferred to the District of Minnesota, and that transfer of these actions to the District of Minnesota for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel further finds that transfer of these actions is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. In that order, the Panel held that the District of Minnesota was a proper Section 1407 forum for actions involving claims arising from alleged defects in implantable defibrillators and pacemakers manufactured by Guidant. *See In re Guidant Corp. Implantable Defibrillators Products Liability Litigation,* 398 F.Supp.2d 1371 (J.P.M.L. 2005). Any motions for remand to state court can be presented to and decided by the transferee court. *See, e.g., In re Ivy,* 901

-2-

F.2d 7 (2nd Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

Plaintiff in the Southern District of New York action argues against transfer, among other things, that the action, which pleads statutory fraud claims under New York law, does not share sufficient questions of fact with the products liability claims in the previously centralized MDL-1708 actions, which arise from product defect and failure to warn. We are unpersuaded by this argument. Regardless of the differences in legal theory, the claims in the Southern District of New York action similarly arise from alleged defects in certain Guidant cardiac devices and the costs incurred from removal, replacement and medical treatment related to those devices. Inclusion of these claims in the MDL-1708 proceedings has the salutary effect of placing all related claims in this docket before a single judge who can formulate a pretrial program that: 1) prevents repetition of previously considered matters; and 2) allows pretrial proceedings with respect to any individual issues to proceed concurrently with pretrial proceedings on common issues. *See, e.g., In re Ephedra Products Liability Litigation*, 314 F.Supp.2d 1373, 1375 (J.P.M.L. 2004). It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district. Whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these four actions are transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable Donovan W. Frank for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman