UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----ooOoo----

| | |
|---|---|
| RONALD CAMERON, et al., | |
| Plaintiffs, | NO. CIV. S-06-1960 FCD DAD |
| v. | |
| GUIDANT CORPORATION, et al., | |
| Defendants. | |
| CLIFFORD HOSLER, et al., | |
| Plaintiffs, | NO. CIV. S-06-1972 FCD KJM |
| v. | |
| GUIDANT CORPORATION, et al., | ORDER STAYING ACTIONS |
| Defendants. | |

----ooOoo----

These matters are before the court on plaintiffs' motions to remand.[1] The court, however, defers ruling on the motions as the above entitled actions may be transferred to the Multidistrict

---

[1] Because oral argument will not be of material assistance, the court orders these matters submitted on the briefs. See E.D. Cal. Local Rule 78-230(h).

1

Litigation, MDL No. 1708, <u>In re Guidant Corp. Implantable Defibrillators Products Liability Litigation</u>, pending in the United States District Court of Minnesota ("MDL-1708"). Both actions have been noticed by defendants to the Judicial Panel on Multidistrict Litigation ("JPML") as "potential tag-along actions" for inclusion in MDL-1708. (RJN, Ex A, "Thirty-Ninth Notice of Potential Tag-Along Actions," filed Sept. 7, 2006 with the JPML.)

In light of that notice, the court defers ruling on plaintiffs' motions and STAYS all proceedings in these matters in order to permit time for the JPML to render a decision on the propriety of the transfer of these actions to MDL-1708. Said stay is warranted because should the JPML transfer the actions, allowing the MDL court to decide plaintiffs' motions to remand will serve the purposes of efficiency and consistency for which the MDL process was created. If, however, the cases are not transferred, the court will lift the stay of the proceedings and set the motions for remand within 30 days of the order denying the transfer.

IT IS SO ORDERED.

DATED: October 4, 2006

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE