DWF-AJB   Document 1166   Filed 02/12/2007   Page 1 of 3

A CERTIFIED TRUE COPY

FEB - 7 2007

ATTEST [signature]
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB - 7 2007

FILED
CLERK'S OFFICE

## DOCKET NO. 1708

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE GUIDANT CORP. IMPLANTABLE DEFIBRILLATORS PRODUCTS LIABILITY LITIGATION

BEFORE WM. TERRELL HODGES,[*] CHAIRMAN, D. LOWELL JENSEN,[*] J. FREDERICK MOTZ,[*] ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL

### TRANSFER ORDER

Before the Panel are motions brought, respectively, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in the five Eastern District of California actions, three Southern District of California actions, one Southern District of Alabama action, one Northern District of California action, and one Eastern District of Missouri action as listed on Schedule A. These plaintiffs ask the Panel to vacate its orders conditionally transferring the actions to the District of Minnesota for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket. Guidant Corp., Boston Scientific Corp., Guidant Sales Corp., and Cardiac Pacemakers, Inc. (collectively Guidant) oppose the motions to vacate filed with respect to the actions in which each is named as a defendant and urge inclusion of those actions in the MDL-1708 proceedings. A hospital defendant in the Eastern District of Missouri action also responded to the motion filed by the plaintiff in that action.

On the basis of the papers filed and hearing session held (without oral argument), the Panel finds that these actions involve common questions of fact with the actions in this litigation previously transferred to the District of Minnesota, and that transfer of these actions to the District of Minnesota for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel further finds that transfer of these actions is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. In that order, the Panel held that the District of Minnesota was a proper Section 1407 forum for actions involving claims arising from alleged defects in implantable defibrillators and pacemakers manufactured by Guidant. *See In re Guidant Corp. Implantable Defibrillators Products Liability Litigation*, 398 F.Supp.2d 1371 (J.P.M.L. 2005). Any motions for remand to state court can be presented to and decided by the transferee court. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

---

[*] Judges Hodges, Jensen and Motz took no part in the decision of this matter.

SCANNED
FEB 1 2 2007
U.S. DISTRICT COURT MPLS

- 2 -

Plaintiff in the Southern District of Alabama action argues against transfer, among other things, that the MDL-1708 proceedings focus on cardiac devices different from the pacemaker and defibrillator combination unit at issue in this action. We are unpersuaded by this argument. The MDL-1708 proceedings encompass many different kinds of implantable cardiac devices over which Guidant is being sued, including actions involving the cardiac device at issue in this action. Inclusion of the present claims in the MDL-1708 proceedings has the salutary effect of placing all related claims in this docket before a single judge who can formulate a pretrial program that: 1) prevents repetition of previously considered matters; and 2) allows pretrial proceedings with respect to any individual issues to proceed concurrently with pretrial proceedings on common issues. *See, e.g., In re Ephedra Products Liability Litigation,* 314 F.Supp.2d 1373, 1375 (J.P.M.L. 2004).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable Donovan W. Frank for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Robert L. Miller, Jr.
Acting Chairman

# SCHEDULE A

<u>MDL-1708 – In re Guidant Corp. Implantable Defibrillators Products Liability Litigation</u>

### Southern District of Alabama

*Arthur T. Sims, et al. v. Guidant Sales Corp., et al.*, C.A. No. 1:06-644   07-1118

### Eastern District of California

*Sallie Everett v. Guidant Corp., et al.*, C.A. No. 1:06-1116   07-1120
*Piero Biondi, et al. v. Boston Scientific Corp., et al.*, C.A. No. 1:06-1150   07-1121
*Randal Notestine v. Guidant Corp., et al.*, C.A. No. 2:06-1945   07-1122
*Ronald Cameron, et al. v. Guidant Corp., et al.*, C.A. No. 2:06-1960   07-1123
*Clifford Hosler, et al. v. Guidant Corp., et al.*, C.A. No. 2:06-1972   07-1124

### Northern District of California

*Alfred Martinez, et al. v. Guidant Corp., et al.*, C.A. No. 5:06-5244   07-1125

### Southern District of California

*Fred W. Seeger v. Guidant Corp., et al.*, C.A. No. 3:06-1685   07-1126
*Theodore Hardson v. Guidant Corp., et al.*, C.A. No. 3:06-1687   07-1127
*Bennie Shipley v. Guidant Corp., et al.*, C.A. No. 3:06-1688   07-1128

### Eastern District of Missouri

*Donald Alexander v. Boston Scientific Corp., et al.*, C.A. No. 4:06-1289   07-1129