Donald S. Edgar, Esq., SBN 139324
Jeremy R. Fietz, Esq., SBN 200396
Rex Grady, Esq., SBN 232236
**EDGAR LAW FIRM**
408 College Avenue
Santa Rosa, California 95401
Telephone: (707) 545-3200
Facsimile: (707) 578-3040

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SETA SAAD and CHRISTIAN E. SAAD, individually and as representatives of the Estate of Raymond Saad, <br><br> Plaintiffs, <br><br> v. <br><br> GUIDANT CORPORATION; GUIDANT SALES CORPORATION; CARDIAC PACEMAKERS, INC.; BOSTON SCIENTIFIC CORPORATION; ASHLEY & MCMULLEN-WING SUN MORTUARY, a business entity form unknown, ASHLEY & MCMULLEN, a business entity form unknown; and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No: C 08-00053-PJH <br><br> **REPLY IN SUPPORT OF MOTION FOR REMAND** <br><br> Hearing Date: February 20, 2007 <br> Time: 9:00 a.m. <br> Location: Courtroom 3, 17th Floor <br> Honorable Phyllis J. Hamilton <br><br> Removal Filed: January 4, 2008 |

### I. THE PLAINTIFFS' ARE ENTITLED TO A PRESUMPTION IN FAVOR OF REMAND

It should be remembered that Defendant has the burden of proof to establish the proper basis for removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). In this

case, the burden of proof is on defendant to prove that Ashley is a "sham" defendant and the complete diversity rule does not apply.

The removal statute is to be strictly construed against removal, and when any doubt as to the right of removal is shown, federal jurisdiction must be rejected. *Id.* at p. 566; see also Healy v. Ratta, 292 U.S. 263, 270 (1934). When a removal is challenged by a motion to remand, facts must be *clearly demonstrated* in favor of removal, otherwise significant doubts about its propriety must be resolved against removal. Matter of Marriage of Smith, 549 F.Supp. 761 (W.D. Tex. 1982).

II. **GUIDANT'S ARGUMENTS FOR STAY ARE MISPLACED IN THE CONTEXT OF THIS CASE (AND THE MOTION FOR REMAND)**

Guidant spends half its opposition brief arguing that the Court ought to stay these remand proceedings and defer this issue to the MDL Court. Firstly, those are arguments that ought to have been made in its motion to stay. Having made virtually no arguments in its motion to stay, Guidant attempts to utilize their opposition to remand brief to cure the utter lack of authority in their own motion. Plaintiff respectfully submits that the arguments for stay are misplaced in the context of the motion for remand.

Irregardless, and as expected, Guidant focuses its arguments for stay upon the flawed premise that leaving the remand issue to the Minnesota Federal Court somehow promotes consistency and judicial economy. Plaintiffs addressed these anticipated arguments in their Opposition to Motion For Stay. In the interests of true judicial economy, the arguments will not be repeated in total here. Rather, it will be simply pointed out that the motion for remand has been fully briefed, and if remand is appropriate, it is an utter waste of judicial resources to thrust the issue upon another federal Court hundreds of miles away, to force re-filing of the briefs, to force docket

1  clerks to book time, to force law clerks to research the issues, and to force the MDL
2  Judge to hear the motion that is ripe for decision here and now.
3      The only reasonable argument ever made in MDL cases, in favor of pushing
4  remand motions onto the MDL Court, is if there is a true risk of inconsistent rulings.
5  Cases in support of transfer before remand arise when the non-diverse defendant (or
6  like defendant) is likely to be present in other motions for remand from other districts.
7  For example, when a drug company such as Merck is sued for Vioxx liability and the
8  California distributor (McKesson) is also sued in various California courts, there is a
9  reasonable argument that inconsistency could arise. As McKesson is being hailed as a
10 California state court defendant by many plaintiffs in many jurisdictions there may be a
11 risk of inconsistency if one district judge finds them properly joined but another district
12 judge finds them fraudulently joined. Under such circumstances allowing the MDL
13 judge to sort it out may be reasonable. This is not such a case.
14     As discussed more fully in the Opposition to Motion for Stay, this case is unique.
15 The non-diverse defendant in this case is a mortuary with whom Guidant
16 representatives worked to facilitate Guidant's theft of the medical device from the
17 decedent's corpse. The California mortuary defendant (Ashley) is not present in any
18 other case in the MDL or in any district. Guidant has not alleged the presence of this
19 mortuary defendant, or indeed any mortuary or other corpse-robbing-related defendant
20 in any other Guidant case. This case is unique and the MDL Judge is in no better
21 position to rule on the motion for remand than is this honorable Court. There is simply
22 no possibility of inconsistency or any other sound reason to push this matter on to the
23 MDL court. The only reason to do so, not articulated by Guidant in its papers, would be
24 to facilitate Guidant's attempt to stall and delay this matter, and to facilitate Guidant's
25

**REPLY IN SUPPORT OF MOTION FOR REMAND**      08-00053 PJH
Page 3

attempts to avoid answering in a San Francisco Superior Court for its corpse-robbing that occurred in San Francisco.

### III. GUIDANT'S FRAUDULENT JOINDER ARGUMENTS ARE MISPLACED

As anticipated, and discussed in Plaintiffs' Motion For Remand, Guidant continues to claim that Ashley (the mortuary) is "improperly joined". Their arguments are entirely misplaced in the context of this case. In many ways, it is difficult to reply to Guidant's opposition when the opposition fails to address the crux of Plaintiffs' Motion, and, instead, continues to pretend that Guidant has nothing to do with the issues of Ashley's potential liability. Unbelievably, Guidant maintains their arguments that the claims against Ashley ought be severed, rather than the entire case remanded, because the case against Ashley is so distinct from the case against Guidant. Guidant provides no response to the facts and arguments made in the moving papers. Guidant does not even address the pages and pages of Plaintiffs' brief that outlines the pages and pages of allegations in the complaint which involve the joint tort-feasor relationship between Ashley and Guidant.

It is absolutely incredible that no where in Guidant's papers do they deny, or even address, the fact that a Guidant representative obtained access to the corpse of decedent at the Ashley mortuary and then proceeded not just to test the device but actually participated in carving the device out of the body and taking it away. Reading Guidant's papers you would not even realize that such allegations were in issue in this case. Guidant pretends that the only allegations against it are those of product liability.

Similarly, no where in Guidant's papers do they address the fact that their joint tort-feasor liability is so intertwined with Ashley that Ashley has a filed cross-complaint in this matter against them. Nowhere does Guidant address how, if there were a

severance, the Court could possibly address the cross-complaint by Ashley against Guidant.

### IV. DEFENDANT ASHLEY HAS JOINED IN THE MOTION FOR REMAND

While not dispositive, it is worth highlighting that Defendant Ashley has joined in Plaintiffs' Motion for Remand and Plaintiffs' Opposition to Guidant's Motion for Stay. In fact, in their joinder papers, Defendant Ashley acknowledges and asserts that it is in a joint tort-feasor relationship with Guidant and that there has been no improper joinder in this matter. Finally, Ashley raises the same queries about what would happen with their cross-complaint against Guidant if this matter were somehow divided into two cases.

### V. PREDICTABLY, GUIDANT ARGUES THAT PLAINTIFFS' SUBMISSION OF A SETTLEMENT CONSIDERATION FORM IS SOMEHOW RELEVANT... IT IS NOT

In yet another predictable move, Guidant misrepresents the content of Plaintiffs' settlement consideration form. Knowing that Guidant would misrepresent the import of the form, Plaintiffs explicitly amended the form to add the following language:

> *** The submission of this consideration form should in no way be viewed as an acknowledgment that the MDL has jurisdiction over this case as the Plaintiff believes jurisdiction lies only in the San Francisco County Superior Court as there is a non-diverse defendant (Ashley & McMullen) who is a joint tortfeasor with the Guidant defendants in the pending litigation.[1]

The submission of the settlement consideration <u>form is only an indication that one will consider the settlement</u>. It is <u>not even an expression of intent to participate</u>. It is worth noting to the Court that following submission of the form, a review of the settlement documents reveals that there is <u>no consideration in the settlement for the</u>

---

[1] See MDL Settlement Consideration form attached to the Supplemental Declaration of Jeremy R. Fietz as Exhibit A.

types of claims relating to Guidant's corpse robbing/desecration (yet those actions would be released). The fact that the proposed MDL settlement would force plaintiff to utterly abandon (for no consideration) their multiple claims relating to the desecration of their loved one, theft from the deceased's corpse, and the obvious spoliation issues associated with that, must be another reason that Guidant so desperately wants to force this case into the MDL.

Concerning potentially duplicative discovery between San Francisco and the MDL regarding the product liability causes of action, Guidant could certainly bring a motion before the San Francisco Superior Court to coordinate the product liability discovery with the MDL (if one still exists at the time); however, the settlement documents demonstrate that upon consummation of the settlement in the MDL, the MDL court will dissolve the MDL and remand any and all remaining cases back to the districts from whence they came (this case right back here to the Northern District). After wasting this Court's time, the JPMLs time, and the MDL Court's time, the case would be right back here again. Guidant's motivations are not judicial economy or jurisprudential consistency. It is plain to see that the allegations against Ashley are not separable from the allegations against Guidant and that federal jurisdiction is not present.

## VI.    THIS COURT HAS JURISDICTION OVER THIS MATTER UNTIL THE TRANSFER TAKES EFFECT

On January 28, 2008, the Judicial Panel Filed a Transfer Order of this and other Guidant cases; however, the order explicitly states that the transfer:

> order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the District of Minnesota. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the

Panel within this 15-day period, the stay will be continued until further order of the Panel.[2]

Plaintiffs have filed a Notice of Opposition to the transfer based upon the impropriety of removal and to afford this Court ample time to hear and consider the remand issue.[3] As a result of filing the Notice of Opposition to the transfer, the JPML will not transfer the case until after this Court has had an opportunity to consider and rule on the motion for remand. Indeed the JPML Rules explicitly grant parties the right to stay the transfer in order that parties have the right to address improprieties concerning federal and/or JPML jurisdiction.[4] Moreover, the JPML explicitly recognizes that this Court may remand the matter and has simply asked to be notified of a remand (presumably so they will know that the federal court no longer has jurisdiction).[5] If this Court grants Plaintiffs' Motion For Remand, Plaintiffs will promptly notify the JPML of same.

### VII.   PAYMENT OF JUST COSTS AND FEES

Plaintiffs once again respectfully submit that this case warrants the payment of "just costs" incurred because of Guidant's improper removal. Plaintiffs should not be forced to bear the expense of dealing with the improper removal. Guidant's impropriety is made even more clear by their complete and utter failure to respond to the principal arguments made in favor of remand (the interconnectedness of the allegations against Guidant and California defendant, Ashley). Guidant's pretense that it is uninvolved in the allegations against Ashley underscore the improper removal.

---

[2] JPML Conditional Tranfer Order is attached to the Supplemental Declaration of Jeremy R. Fietz as Exhibit B.
[3] See Plaintiffs' letter Notice of Opposition dated February 4, 2008, attached hereto as Exhibit C.
[4] See JPML Rule 7.4 attached to the Supplemental Declaration of Jeremy R. Fietz as Exhibit D
[5] See letter from the JPML attached to the Supplemental Declaration of Jeremy R. Fietz as Exhibit E.

Plaintiffs hereby request fees for the work expended in the preparation of this motion, to which they are entitled under 28 U.S.C. 1447(c). The Code provides that:

> ... An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

As a result of the removal, Plaintiffs' counsel have now been required to file not only the motion for remand and this reply but also the Opposition to the motion for Stay. Plaintiffs' counsel Jeremy R. Fietz expended more than 15 hours in research and writing in regards to remand and more than 15 hours in response to Guidant's motion for stay of proceedings. Supplemental Declaration of Jeremy R. Fietz, Esq.. His reasonable hourly rate is $250.00. Plaintiffs reasonably seek an order for $7500 for "just costs... including attorney fees, incurred as a result of removal."

## VIII. CONCLUSION

For the forgoing reasons and those stated in the moving papers, Plaintiffs respectfully request that this Court immediately grant plaintiffs' motion for remand, and grant them attorney's fees in the amount of $7500.

Dated: February 4, 2008

By: Jeremy R. Fietz, Esq. (State Bar No. 200396)
EDGAR LAW FIRM
408 College Avenue
Santa Rosa, CA 95401

# PROOF OF SERVICE

I am employed in the City and County of Santa Rosa, State of California. I am over the age of 18 and not a party to the within action. My business address is 408 College Avenue, Santa Rosa, California 95401. On February 4, 2008, I served the foregoing document(s) described as:

## REPLY IN SUPPORT OF MOTION TO REMAND

on the interested parties by placing ( ) the original ( X ) a true and correct copy thereof in a sealed envelope addressed as follows:

| | |
|---|---|
| Dana N. Gwaltney, Esq.<br>SHOOK HARDY & BACON LLP<br>333 Bush Street, Suit 600<br>San Francisco, CA 94104-2828<br>Telephone: 415/544-1900<br>Facsimile: 415/391-0281<br><br>**Attorneys for Guidant Corporation, Guidant Sales Corporation; Cardiac Pacemakers, Inc., and Boston Scientific Corporation** | Merrilee C. Miller, Esq.<br>LAW OFFICES OF WILLIAM J. DIFFENDERFER<br>One Market, Spear Tower, Suite 2150<br>San Francisco, CA 94105<br>Telephone:(415) 348-4150<br>Facsimile: (800) 914-3772<br><br>**Attorneys for Cathay Mortuary Wah Sang Inc. dba Ashley & McMullen Mortuary** |

[X] **VIA OVERNIGHT MAIL:**

VIA : By delivering such documents to an overnight mail service or an authorized courier in an envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

[ ] **VIA U.S. MAIL:**

I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice such envelope(s) would be deposited with the U.S. postal service with postage thereon fully prepaid, at Santa Rosa, California.

[X] **FEDERAL:**

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the state of California that the above is true and correct and was executed on February 4, 2008

_____
JEREMY R. FIETZ