1  Donald S. Edgar, Esq., SBN 139324
   Jeremy R. Fietz, Esq., SBN 200396
2  Rex Grady, Esq., SBN 232236
   **EDGAR LAW FIRM**
3  408 College Avenue
   Santa Rosa, California 95401
4  Telephone: (707) 545-3200
   Facsimile: (707) 578-3040
5
   Attorneys for Plaintiffs
6

7              UNITED STATES DISTRICT COURT

8              NORTHERN DISTRICT OF CALIFORNIA

9

10

11 | SETA SAAD and CHRISTIAN E. SAAD,              )  Case No: C 08-00053-PJH
   | individually and as representatives of the    )
12 | Estate of Raymond Saad,                        )
   |                                                )  **SUPPLEMENTAL DECLARATION OF**
13 |         Plaintiffs,                            )  **JEREMY R. FIETZ IN SUPPORT OF**
   |                                                )  **MOTION FOR REMAND**
14 | v.                                             )
   |                                                )
15 | GUIDANT CORPORATION; GUIDANT                   )  Hearing Date: February 20, 2007
   | SALES CORPORATION; CARDIAC                     )
16 | PACEMAKERS, INC.; BOSTON                       )  Time: 9:00 a.m.
   | SCIENTIFIC CORPORATION; ASHLEY &               )
17 | MCMULLEN-WING SUN MORTUARY, a                  )  Location: Courtroom 3, 17th Floor
   | business entity form unknown, ASHLEY &         )
18 | MCMULLEN, a business entity form               )  Honorable Phyllis J. Hamilton
   | unknown; and DOES 1 through 20,                )
19 | inclusive,                                     )
   |                                                )  Removal Filed: January 4, 2008
20 |         Defendants.                            )
   |                                                )
21 |_____|

22

23

24

25

I, JEREMY R. FIETZ, declare as follows:

1. I am an attorney licensed to practice in all of the courts of the state of California as well as the Northern District Court. I am a partner with the Edgar Law Firm, counsel for plaintiffs. As such I have personal knowledge of the following:

2. I have personal knowledge of the following facts and, if called as a witness could and would competently testify thereto.

3. A true and correct copy of the MDL Settlement Consideration Form submitted by Plaintiffs' counsel is attached hereto as Exhibit A.

4. A true and correct copy of the Conditional Transfer Order is attached hereto as Exhibit B.

5. A true and correct copy of the Notice of Opposition (by letter dated February 5, 2008) is attached hereto as Exhibit C.

6. A true and correct copy of the JPML Rule 7.4 is attached hereto as Exhibit D.

7. A true and correct copy of the JPML Letter of January 28, 2008 is attached hereto as Exhibit E.

8. I have expended at least 30 hours in the preparation of Plaintiffs' Motion for Remand and in response to Guidant's Motion for Stay of Proceedings.

9. My reasonable and customary hourly fee is $250.00.

10. Pursuant to 28 U.S.C. 1447(c), I hereby request fees in the amount of ($250.00 x 30) $7500.00.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed in Santa Rosa, California, on February 4, 2008.

_____
JEREMY R. FIETZ, ESQ.
Declarant

# PROOF OF SERVICE

I am employed in the City and County of Santa Rosa, State of California. I am over the age of 18 and not a party to the within action. My business address is 408 College Avenue, Santa Rosa, California 95401.    On February 5, 2008, I served the foregoing document(s) described as:

**SUPPLEMENTAL DECLARATION OF JEREMY R. FIETZ IN SUPPORT OF MOTION FOR REMAND**

on the interested parties by placing ( ) the original ( X ) a true and correct copy thereof in a sealed envelope addressed as follows:

| | |
|---|---|
| Dana N. Gwaltney, Esq.<br>SHOOK HARDY & BACON LLP<br>333 Bush Street, Suit 600<br>San Francisco, CA  94104-2828<br>Telephone: 415/544-1900<br>Facsimile: 415/391-0281<br><br>**Attorneys for Guidant Corporation, Guidant Sales Corporation; Cardiac Pacemakers, Inc., and Boston Scientific Corporation** | Merrilee C. Miller, Esq.<br>LAW OFFICES OF WILLIAM J. DIFFENDERFER<br>One Market, Spear Tower, Suite 2150<br>San Francisco, CA 94105<br>Telephone:(415) 348-4150<br>Facsimile: (800) 914-3772<br><br>**Attorneys for Cathay Mortuary Wah Sang Inc. dba Ashley & McMullen Mortuary** |

[X]  VIA OVERNIGHT MAIL:

VIA : By delivering such documents to an overnight mail service or an authorized courier in an envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

[ ]  VIA U.S. MAIL:

I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice such envelope(s) would be deposited with the U.S. postal service with postage thereon fully prepaid, at Santa Rosa, California.

[X]  FEDERAL:

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the state of California that the above is true and correct and was executed on February 4, 2008

*/s/ Jeremy R. Fietz*
JEREMY R. FIETZ

---

**SUPPL. DECL. OF JEREMY R. FIETZ IN SUPPORT OF MOTION FOR REMAND**    08-00053 PJH
Page 3

# EXHIBIT A

**MDL-1708 – In re: Guidant Corp. Implantable Defibrillators Products Liability Litigation**

## MDL SETTLEMENT CONSIDERATION FORM

**EVIDENCE OF INJURY FROM MALFUNCTION** – If you believe that your device ever malfunctioned and injured you, please fill out this page. The malfunction that caused you injury (1) may be related to the recall for the device *or* may have led to any explant; and (2) must have resulted in the device failing to monitor or failing to provide therapy prior to explant. Provide a complete explanation of how you were injured and how the device malfunctioned. Provide particular detail if you believe your device malfunctioned through one of the modes of failure that led to a recall. If you are unsure of the mode of failure that led to recall of your device, please see the information provided at www.guidantsettlement.com.

Please note that an explanation alone is not evidence of injury *due to* malfunction. Nor is the firing of a device, alone, evidence of a malfunction – heart devices are designed to fire and adjustments in how often they fire can be typical and normal. Further, explant for normal battery depletion is not evidence of a malfunction. All devices will be explanted at some point because of battery depletion.

Decedent, Raymond Saad, had a cardiovascular condition that led to the use of an implantable cardiac pacemaker/defibrillator. On or about October 7, 2004, Mr. Saad was implanted with a Guidant Contak Renewal Cardiac resynchronization therapy defibrillator, also known as the "CRT-D," or the "Model H135." On or about October 30, 2005, Mr. Saad died of Heart Failure. It is alleged that Mr. Saad's death was caused by a failure of his Guidant Defibrillator Device. Damages for wrongful death include the families loss of financial support and the loss of care, comfort, society, love and companionship.

Following his death, Mr. Saad's body was interred at the Ashley & McMullen Mortuary in San Francisco. While his body was awaiting burial, with the assistance of those at the mortuary, an agent of Guidant cut open, or directed the cutting open of, the body of Mr. Saad. The agents of Guidant removed the device, and took it away, all without the consent of Mr. Saad's widow, Seta Saad, or their son Christian Saad. Damages for the desecration of the corpse include the emotional anguish and distress as well as punitive damages.

```
*** The submission of this consideration form should in no way be viewed as an
acknowledgment that the MDL has jurisdiction over this case as the Plaintiff believes
jurisdiction lies only in the San Francisco County Superior Court as there is a non-
diverse defendant (Ashley & McMullen) who is a joint tortfeasor with the Guidant
defendants in the pending litigation.
```

The above information is true and correct to the best of my knowledge. *[Signature]*  Jeremy Fiete  1/15/08
                                                         Signature           Printed Name      Date

# EXHIBIT B

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 2 8 2008

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: GUIDANT CORP. IMPLANTABLE
DEFIBRILLATORS PRODUCTS
LIABILITY LITIGATION
    Seta Saad, et al. v. Guidant Corp., et al.,     )
        N.D. California, C.A. No. 3:08-53         )     MDL No. 1708
    Rodney Koch, etc. v. Guidant Corp., et al.,     )
        C.D. Illinois, C.A. No. 1:07-1352         )

CONDITIONAL TRANSFER ORDER (CTO-50)

On November 7, 2005, the Panel transferred four civil actions to the United States District Court for the District of Minnesota for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 398 F.Supp.2d 1371 (J.P.M.L. 2005). Since that time, 538 additional actions have been transferred to the District of Minnesota. With the consent of that court, all such actions have been assigned to the Honorable Donovan W. Frank.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the District of Minnesota and assigned to Judge Frank.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the District of Minnesota for the reasons stated in the order of November 7, 2005, and, with the consent of that court, assigned to the Honorable Donovan W. Frank.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the District of Minnesota. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

# EXHIBIT C



| ATTORNEYS | EDGAR LAW FIRM | LEGAL ASSISTANTS |
|---|---|---|
| DONALD S. EDGAR<br>JEREMY R. FIETZ<br>REX GRADY<br>E-Mail<br>don@classattorneys.com<br>jeremy@classattorneys.com<br>jrg@classattorneys.com | ATTORNEYS AND COUNSELORS AT LAW<br>408 COLLEGE AVENUE<br>SANTA ROSA, CALIFORNIA 95401<br>Phone (707) 545-3200 • Facsimile (707) 578-3040 | SELENA A. LA RUE<br>SUSAN SCHWEGMAN<br>E-Mail<br>sal@classattorneys.com<br>susie@classattorneys.com |

February 4, 2008

VIA FACSIMILE TO (202) 502-2888

CLERK OF THE PANEL
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E., Room G-255, North Lobby
Washington, D.C. 20002-8004

Re.     <u>Saad v. Guidant, et al. C.A. No 08-cv-00053</u>
        Originally filed – San Francisco Superior Court
        JPML -- CTO- #50

### NOTICE OF OPPOSITION

Dear Clerk,

Please consider this letter our **NOTICE OF OPPOSITION**, as referenced in Rule 7.4(c). We hereby object to defendant Guidant's characterization of the above referenced matter as a "tag-along" action suitable for transfer to the Federal Court in Louisiana. We object to transfer of this case to the MDL Court.

Importantly, we believe your office is being used improperly by the defendant Guidant to assist them in a scheme to improperly hijack cases that should properly be left in State Court jurisdiction. The above referenced case includes a California State Court party, that is resident of California. There is no diversity jurisdiction or any other basis for Federal Court jurisdiction. The case was properly filed in California Superior Court County of San Francisco and defendant Guidant improperly removed the matter to the Northern District of California Federal Court. Plaintiff has filed a Motion for Remand seeking that the case be remanded to the County of San Francisco and seeking sanctions against Guidant for its improper removal. In an effort to avoid this Guidant has filed a Motion for Stay and are attempting to use your office to hijack the case before the filed Motion for Remand can be heard.

While we understand that Guidant's attorneys have a duty to zealously advocate on behalf of their client, we do not believe that your office should condone being used as a tool of the defense to avoid answering for its improper and sanctionable removal.

February 4, 2008
Judicial Panel on Multidistrict Litigation

      Pursuant to the Rules of Procedure of the Judicial Panel on Multi-District Litigation we understand that the submission of the within letter of opposition will prevent the transfer of this case to the MDL Court. The additional time triggered by this Notice of Opposition shall also give the Northern District Court an opportunity to consider the Motion for Remand and request for sanctions.

      Thank you for your time and courtesy in this matter. We are sending this Notice of Opposition via facsimile with permission from your office.

                Very truly yours,

                **EDGAR LAW FIRM**

                Jeremy R. Fietz, Esq.

cc. see Proof of Service attached

Encl.

February 4, 2008
Judicial Panel on Multidistrict Litigation

## PROOF OF SERVICE

I am employed in the City and County of Santa Rosa, State of California. I am over the age of 18 and not a party to the within action. My business address is 408 College Avenue, Santa Rosa, California 95401. On February 5, 2008, I served the foregoing document(s) described as:

**NOTICE OF OPPOSITION (by Letter dated February 4, 2008)**

on the interested parties by placing ( ) the original ( X ) a true and correct copy thereof in a sealed envelope addressed as follows:

**INVOLVED COUNSEL LIST (CTO-50) Attached**

[ ]   VIA OVERNIGHT MAIL:

VIA : By delivering such documents to an overnight mail service or an authorized courier in an envelope or package designated by the express service courier addressed to the person(s) on whom it is to be served.

[X]   VIA U.S. MAIL:

I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice such envelope(s) would be deposited with the U.S. postal service with postage thereon fully prepaid, at Santa Rosa, California.

[X]   FEDERAL:

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the state of California that the above is true and correct and was executed on February 4, 2008

JEREMY R. FIETZ

IN RE: GUIDANT CORP. IMPLANTABLE
DEFIBRILLATORS PRODUCTS
LIABILITY LITIGATION                                    MDL No. 1708

## INVOLVED COUNSEL LIST (CTO-50)

Donald S. Edgar
EDGAR LAW FIRM
408 College Avenue
Santa Rosa, CA 95401

Dana Nicole Gwaltney
SHOOK HARDY & BACON LLP
333 Bush Street
Suite 600
San Francisco, CA 94104-2828

David A. Kleczek
KLECZEK LAW OFFICE
321 Northeast Madison Avenue
Peoria, IL 61603

Timothy A. Pratt
SHOOK HARDY & BACON LLP
2555 Grand Boulevard
Kansas City, MO 64108-2613

Joseph M. Price
FAEGRE & BENSON LLP
90 South Seventh Street
Suite 2200
Minneapolis, MN 55402-3901

Charles S. Zimmerman
ZIMMERMAN REED PLLP
651 Nicollet Mall
Suite 501
Minneapolis, MN 55402-4123

```
                    TRANSMISSION VERIFICATION REPORT

                                              TIME  : 02/04/2008 16:44
                                              NAME  : EDGAR LAW FIRM
                                              FAX   : 7075783040
                                              TEL   : 7075453200
                                              SER.# : BROJ7J697374


   DATE,TIME                          02/04  16:43
   FAX NO./NAME                       12025022888
   DURATION                           00:00:38
   PAGE(S)                            04
   RESULT                             OK
   MODE                               STANDARD
                                      ECM
```

| ATTORNEYS | | LEGAL ASSISTANTS |
|---|---|---|
| DONALD S. EDGAR<br>JEREMY R. FIETZ<br>REX GRADY | <br>**EDGAR LAW FIRM**<br>ATTORNEYS AND COUNSELORS AT LAW<br>408 COLLEGE AVENUE<br>SANTA ROSA, CALIFORNIA 95401<br>Phone (707) 545-3200 • Facsimile (707) 578-3040 | SELENA A. LA RUE<br>SUSAN SCHWEGMAN |
| E-Mail<br>don@classattorneys.com<br>jeremy@classattorneys.com<br>jrg@classattorneys.com | | E-Mail<br>sal@classattorneys.com<br>susie@classattorneys.com |

February 4, 2008

**VIA FACSIMILE TO (202) 502-2888**

CLERK OF THE PANEL
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E., Room G-255, North Lobby
Washington, D.C. 20002-8004

Re.    <u>Saad v. Guidant, et al. C.A. No 08-cv-00053</u>
       **Originally filed – San Francisco Superior Court**
       **JPML -- CTO- #50**

### <u>NOTICE OF OPPOSITION</u>

Dear Clerk,

Please consider this letter our **NOTICE OF OPPOSITION**, as referenced in Rule 7.4(c). We hereby object to defendant Guidant's characterization of the above referenced matter as a "tag-along" action suitable for transfer to the Federal Court in Louisiana. We object to transfer of this case to the MDL Court.

Importantly, we believe your office is being used improperly by the defendant Guidant to assist them in a scheme to improperly hijack cases that should

# EXHIBIT D



*Effective November 2, 1998, With Amendments Effective June 1, 2000, & April 2, 2001*

RULES OF PROCEDURE
OF THE
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

TABLE OF CONTENTS

### I. GENERAL RULES/RULES FOR MULTIDISTRICT LITIGATION UNDER 28 U.S.C. §1407

Rule 1.1:   Definitions
Rule 1.2:   Practice
Rule 1.3:   Failure to Comply with Rules
Rule 1.4:   Admission to Practice Before the Panel and Representation in Transferred Actions
Rule 1.5:   Effect of the Pendency of an Action Before the Panel
Rule 1.6:   Transfer of Files
Rule 5.1:   Keeping Records and Files
Rule 5.11:  Place of Filing of Papers
Rule 5.12:  Manner of Filing Papers
Rule 5.13:  Filing of Papers: Computer Generated Disk Required
Rule 5.2:   Service of Papers Filed
Rule 5.3:   Corporate Disclosure Statement
Rule 6.2:   Applications for Extensions of Time
Rule 7.1:   Form of Papers Filed
Rule 7.2:   Motion Practice
Rule 7.3:   Show Cause Orders
Rule 7.4:   Conditional Transfer Orders for "Tag-Along Actions"
Rule 7.5:   Miscellaneous Provisions Concerning "Tag-Along Actions"
Rule 7.6:   Termination and Remand
Rule 16.1:  Hearing Sessions and Oral Argument

### II. RULES FOR MULTICIRCUIT PETITIONS FOR REVIEW UNDER 28 U.S.C. §2112(a)(3)

Rule 17.1:  Random Selection
Rule 25.1:  Filing of Notices
Rule 25.2:  Accompaniments to Notices
Rule 25.3:  Service of Notices
Rule 25.4:  Form of Notices
Rule 25.5:  Service of Panel Consolidation Order

CONVERSION TABLE

RULE 7.4:     CONDITIONAL TRANSFER ORDERS FOR "TAG-ALONG ACTIONS"

(a)     Upon learning of the pendency of a potential "tag-along action," as defined in Rule 1.1 of these Rules, an order may be entered by the Clerk of the Panel transferring that action to the previously designated transferee district court on the basis of the prior hearing session(s) and for the reasons expressed in previous opinions and orders of the Panel in the litigation. The Clerk of the Panel shall serve this order on each party to the litigation but, in order to afford all parties the opportunity to oppose transfer, shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof.

(b)     Parties to an action subject to a conditional transfer order shall notify the Clerk of the Panel within the fifteen-day period if that action is no longer pending in its transferor district court.

(c)     Any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the fifteen-day period. If a notice of opposition is received by the Clerk of the Panel within this fifteen-day period, the Clerk of the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel. The Clerk of the Panel shall notify the parties of the briefing schedule.

(d)     Within fifteen days of the filing of its notice of opposition, the party opposing transfer shall file a motion to vacate the conditional transfer order and brief in support thereof. The Chairman of the Panel shall set the motion for the next appropriate hearing session of the Panel. Failure to file and serve a motion and brief shall be treated as withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court.

(e)     Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court.

(f)     Notices of opposition and motions to vacate such orders of the Panel and responses thereto shall be governed by Rules 5.12, 5.2, 7.1 and 7.2 of these Rules.

RULE 7.5:     MISCELLANEOUS PROVISIONS CONCERNING "TAG-ALONG ACTIONS"

(a)     Potential "tag-along actions" filed in the transferee district require no action on the part of the Panel and requests for assignment of such actions to the Section 1407 transferee judge should be made in accordance with local rules for the assignment of related actions.

(b)     Upon learning of the pendency of a potential "tag-along action" and having reasonable anticipation of opposition to transfer of that action, the Panel may direct the Clerk of the Panel to file a show cause order, in accordance with Rule 7.3 of these Rules, instead of a conditional transfer order.

(c)     Failure to serve one or more of the defendants in a potential "tag-along action" with the complaint and summons as required by Rule 4 of the Federal Rules of Civil Procedure does not preclude transfer of such action under Section 1407. Such failure, however, may be submitted by such a defendant as a basis for opposing the proposed transfer if prejudice can be shown. The inability of the Clerk of the Panel to serve a conditional transfer order on all plaintiffs or defendants or their counsel shall not render the transfer of the action void but can be submitted by such a party as a basis for moving to remand as to such party if prejudice can be shown.

(d)     A civil action apparently involving common questions of fact with actions under consideration by the Panel for transfer under Section 1407, which was either not included in a motion under Rule 7.2 of these Rules, or was included in such a motion that was filed too late to be included in the initial hearing session, will ordinarily be treated by the Panel as a potential "tag-along action."

(e)     Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

# EXHIBIT E

<div style="text-align:center">

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

</div>

| | | | |
|---|---|---|---|
| **CHAIRMAN:**<br>Judge John G. Heyburn II<br>United States District Court<br>Western District of Kentucky | **MEMBERS:**<br>Judge D. Lowell Jensen<br>United States District Court<br>Northern District of California<br><br>Judge J. Frederick Motz<br>United States District Court<br>District of Maryland<br><br>Judge Robert L. Miller, Jr.<br>United States District Court<br>Northern District of Indiana | Judge Kathryn H. Vratil<br>United States District Court<br>District of Kansas<br><br>Judge David R. Hansen<br>United States Court of Appeals<br>Eighth Circuit<br><br>Judge Anthony J. Scirica<br>United States Court of Appeals<br>Third Circuit | **DIRECT REPLY TO:**<br><br>Jeffery N. Lüthi<br>Clerk of the Panel<br>One Columbus Circle, NE<br>Thurgood Marshall Federal<br>Judiciary Building<br>Room G-255, North Lobby<br>Washington, D.C. 20002<br><br>Telephone: [202] 502-2800<br>Fax:         [202] 502-2888<br>http://www.jpml.uscourts.gov |

<div style="text-align:center">January 28, 2008</div>

TO INVOLVED COUNSEL

Re: MDL No. 1708 -- IN RE: Guidant Corp. Implantable Defibrillators Products Liability Litigation

<div style="text-align:center">(See Attached CTO-50)</div>

Dear Counsel:

    Attached hereto is a copy of a conditional transfer order filed today by the Panel involving the above-captioned matter. This matter is transferred pursuant to Rule 7.4 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425, 435-36 (2001). Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached for your convenience.

    Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office **BY FACSIMILE**, at (202) 502-2888, of any official changes in the status of the tag-along action. These changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court. Your cooperation would be appreciated.

    **NOTICE OF OPPOSITION DUE ON OR BEFORE:**  <u>February 12, 2008</u>   (4 p.m. EST)
    (Facsimile transmission is suggested.)

    If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5 of the Panel <u>Rules</u> before filing your Notice of Opposition.

    A list of involved counsel is attached.

<div style="margin-left:50%">

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By *Denise Morgan Stone*
          Deputy Clerk

</div>

Attachments                                                                                                                 JPML Form 39